THE WASHINGTON CEMETERY, Respondent, v. THE PROSPECT PARK AND CONEY ISLAND RAILROAD COMPANY, Appellant.

In construing a statute authorizing the taking of private property for public use it will not be implied that a greater interest or estate can be taken than is absolutely necessary to satisfy the language and object of the act.

It is not necessary that exact or technical language should be used in order to vest a fee in the public; but it must clearly appear by the act itself that it was the legislative intent to take a fee before such effect can be given to it. In the absence of express words a fee will not be deemed to be taken where the purposes of the act will be satisfied by the taking of an easement.

By the " act to open, lay out, and improve Gravesend avenue, in the county of Kings, and to authorize the construction of a railroad thereon" (chap. 531, Laws of 1873), the fee of the land appropriated for the avenue was not taken, but only the use. The section of said act (§ 13) authorizing the G. and C. I. R. R. Co. to construct and operate its road upon said avenue, simply gave legislative consent to such use; it conferred no power to occupy the street for that purpose without the consent of the proprietors of the soil, or a condemnation of the land by proceedings under the general railroad act.

Whether the legislature can authorize compensation for land taken for a railroad to be made in whole or in part, by assessing benefits on the other lands of the owner of the land taken, quære.

(Argued January 24, 1877 ; decided March 20, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff entered upon a decision of the court at Special Term. (Reported below, 7 Hun, 655.)

This action was brought to restrain defendant from constructing and operating its road over and upon a portion of Gravesend avenue, in the county of Kings, to which plaintiff claimed title.

The facts appear sufficiently in the opinion.

*John H. Bergen* for the appellant. Chapter 531, Laws of 1873, vested in defendant the fee of the land appropriated for the avenue. (*Hayward* v. *Mayor, etc.*, 7 N. Y., 314;

*Comrs.* v. *Armstrong*, 45 id., 234, 240–2; *Baker* v. *Johnson*, 2 Hill., 348; 5 id., 347; *Rexford* v. *Knight*, 1 Kern., 314; 15 Barb., 627; *Jerome* v. *Ross*, 7 J. Ch., 342, 343; *Brinker-hoff* v. *Wemple*, 1 Wend., 479; *Rodgers* v. *Bradshaw*, 20 J. R., 735.) The legislature is the sole judge of the estate that is to be taken and their decision is final. (*In re P. P. and C. I. R. R. Co.*, 67 N. Y., 371.)

*H. C. Place* for the respondent. Chapter 531, Laws of 1873, and chapter 708, Laws of 1869, are in violation of section 16, article 3 of the Constitution of this State, and are therefore void. (*Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y., 97; *Carpenter* v. *O. and S. R. R. Co.*, 24 id., 655; *Mahon* v. *N. Y. C. R. R. Co.*, id., 658; *Wager* v. *Troy Un. R. R. Co.*, 25 id., 526; *Brorscodt* v. *So. Side R. R. Co.*, 55 id., 220.)

ANDREWS, J. The defendant claims the right to construct and operate its railroad upon and along Gravesend avenue by virtue of the thirteenth section of chapter 531 of the Laws of 1873, as modified by chapter 307 of the Laws of 1874. The act of 1873 is entitled "An act to open, lay out and improve Gravesend avenue, in the county of Kings, and to authorize the construction of a railroad thereon;" and authorizes the laying out, opening and improving of an avenue 100 feet in width, extending from the city of Brooklyn through the towns of Flatbush, New Utrecht and Gravesend to Coney Island beach. By the thirteenth section of the act authority is given to the Gravesend and Coney Island Railroad Company to construct and operate its road upon the avenue laid out under the previous sections of the act, as provided in the articles of association of the company, but the section contains a proviso that steam power shall not be used thereon. This restriction was partially removed by the act, chapter 307 of the Laws of 1874, which permitted the company to operate with steam or other motive power that portion of its road lying between Ninth avenue and Nineteenth street, in the city of Brooklyn, and Coney Island beach. The defendant has acquired the property and franchises of the Gravesend and Coney Island Railroad

Company, and possesses the same rights as that company had under the acts referred to. It has not acquired the right of way over the avenue by proceedings under the general railroad act, and it has paid no compensation for the use of the land. The legislative permission and authority given by the thirteenth section of the act of 1873, as modified and enlarged by the act of 1874, is the only right which the defendant has or claims, to construct and operate its road on the avenue in question. The avenue was laid out across the plaintiff's lands, a portion of which were taken for the improvement, and it brings this action to restrain the defendant from constructing or operating its road upon the lands taken from the plaintiff under the act, on the ground that the fee of the land was not taken, but an easement only, for the ordinary purposes of a street or highway, and that the authority given to the Gravesend and Coney Island Railroad Company to construct and operate its road upon the avenue, conferred no right as against the plaintiff, but it is to be construed as subject to the condition that the land owners consent, or compensation be made for the use of the land for the purposes of a railroad.

It is necessary in determining the rights of the parties in this action to inquire whether, under the act of 1873, the fee of the land appropriated for the avenue was taken, or only the use. If the fee was taken and the owner was divested of his proprietary interest, it was competent for the legislature, by the same or a subsequent act, to authorize the construction of a railroad on the avenue without exacting compensation from the corporation authorized to construct it, or making provision for compensating the owners of adjacent lands for the consequential injuries which they might suffer from this use of the highway. This principle was decided in *The People* v. *Kerr* (27 N. Y., 188), which sustained an act of the legislature authorizing certain individuals to construct and operate a horse railway upon and through certain streets in the city of New York, the fee of which had been acquired and was vested in the corporation, for public use, under the statute of 1813. The question then recurs whether the act of 1873, by

express language or necessary implication, authorized or required the fee of the lands, over which the avenue was laid out, to be taken. It was for the legislature to determine what estate or interest should be taken in the lands required for the avenue. The construction of an avenue leading to a great city was likely to involve a permanent use of the land appropriated, and it might be proper, as it certainly would be competent, for the legislature to declare that the fee should be taken on providing just compensation to the owner. (*Heyward* v: *The Mayor*, 7 N. Y., 314.) But, in construing the act of 1873, we are to bear in mind that the State, when taking private property for public use, has a right to prescribe the extent of its interference with private property, and acts independently and without the consent of its owner; and no implication ought to be indulged that a greater interest or estate is taken than is absolutely necessary to satisfy the language and object of the statute making the appropriation.

Speaking of the exercise of the right of eminent domain in taking lands for public use, Judge COOLEY says : " In any case, however, an easement only would be taken unless the statute plainly contemplated and provided for the appropriation of a larger interest." (Cooley's Const. Lim., 559.) It is a cardinal rule that every statute in derogation of the right of property, or that takes away the estate of a citizen, is to be construed strictly. (*Sharp* v. *Spear*, 4 Hill, 76.) The statute of 1873 lays out and defines the line of the avenue, and provides for the appointment of commissioners " to estimate the value of the lands and premises required to be taken for said avenue, the damages to be sustained by any person interested therein by reason of such taking, and the benefits which will be derived by the owners of land, within the district of assessment, from the opening of the avenue." (§ 4.) The expenses of laying out, opening and improving the avenue were to be assessed upon lands supposed to be benefited thereby, within a district of assessment to be fixed by the commissioners. (§ 3.) There is no provision in the act that a fee of the land over which the avenue was laid out should be taken, or vest in the

State, or in the city of Brooklyn, or the county of Kings, or in either of the towns through which it was laid. Nor are there any words of equivalent import. The land is taken for an avenue, and this purpose is fully satisfied by the taking of an easement in the land for the street or highway.

There is nothing inconsistent in the public use of the land for an avenue and the retention by the landowners of the fee, subject to the easement. It is not necessary that exact or technical language should be used in a statute for taking private property for public use in order to vest the fee in the public, but it must clearly appear before this effect can be given to a statute, that it was the intention of the legislature, disclosed by the act itself, to take a fee. If any remaining private ownership is inconsistent with the use for which the land is taken and compensation is made for the fee, and the provisions of the act cannot be carried out unless a fee is taken, a fee will be deemed to be taken in the absence of express words, and this is, we think, as far as any of the cases have gone in holding, that a fee in such cases may pass by implication. (*Brooklyn Park Commissioners* v. *Armstrong*, 45 N. Y., 234, and cases cited.) This is not a case of that character. The general rule is that the public acquire an easement only in highways. The purpose of the act of 1873 does not require that a fee should be taken in the lands for the avenue, and applying the rule of construction in such cases, we must hold that the fee was not taken, but an easement only. · It is claimed that compensation for the fee is given under the provision directing the commissioners to award " the value of the lands " taken and the damage sustained by owners by reason of such taking. (§ 4.) But we are of opinion that if this is the true construction of the statute it would not justify the conclusion that the fee was taken. The value of the land where an easement only is taken might well be regarded as only just compensation in a case where the use will probably be perpetual. SHAW, Ch. J., in *Imlay* v. *Union Bank* (12 Met., 457), says: " Where an easement is taken for a highway the compensation is generally estimated in practice at the value of

the land itself." But we think the fair construction of the provision in the act of 1873, relating to compensation, is that the value of the lands are to be awarded, having reference to the extent of the right acquired by the public therein. The right of the defendant to construct its road on the avenue cannot be sustained on the ground that the fee of the lands was taken under the act of 1873, and that the legislature could therefore permit the avenue to be used by the defendant for its railway.

But another position is taken by the defendant, viz., that if the fee of the lands over which the avenue was laid was not taken, yet an easement was taken therein for two public and concurrent uses — a highway and a railroad. This position is not tenable. There is no expression of such a purpose in the act. The land is taken for the avenue, and compensation is to be made for the lands required to be taken for "said avenue." The first section prescribes that its width shall be 100 feet, "the carriageway thereof sixty feet, the sidewalks each ten feet, and courtyards . ten feet in width on each side," thus regulating the street in view of the ordinary uses of a street or highway. The ninth section directs the commissioners to cause the avenue, including the sidewalks, to be properly graded, and the carriageway to be formed and graveled, so as to be put in a proper condition for traveling.

The whole expense of the street and its improvement is to be paid by taxation of the adjoining lands, and the landowners whose lands are to be taken for the avenue, if they have other lands liable to assessment for the improvement, are to be paid their awards by crediting them on the assessments, and if the awards exceed their assessments the balance only is to be paid in money (§§ 5, 12). The claim of the defendant on this branch of the case is, in substance, that it was the intention of the legislature to take the land for the use of its road, as well as for the highway, and to lay out, improve and grade the avenue at the cost of the adjacent landowners, and then to permit the defendant to build its road thereon, subjecting it to no part of the expenses of the improvement, and

to no burden whatever at any time, except the obligation imposed in the thirteenth section to keep the portion of the avenue between the tracks of its road in repair. The answer to this claim is, that the land was not taken for the use of a railroad. The act contains fourteen sections. The last section declares the act to be a public act and repeals inconsistent acts. The thirteenth section was inserted near the close of the act. The subject of a railroad, or the use of the street for the purpose of a railroad is in no way referred to in the preceding sections. All the prior provisions as to taking the land, making compensation therefor, and improving and grading the avenue and assessing the expense thereof, plainly refer to the laying out and improving a street to be used as an ordinary highway. If the statute could be construed as intending to take the lands for the use of a railroad, it would become a very serious question whether compensation in a constitutional sense was provided for the landowners. The experiment has, I think, never yet been tried, in this State, of taking land by right of eminent domain for the use of a railroad corporation, and paying for it in benefits to the other lands of the owners. But this question need not be now considered. The thirteenth section, in the light of principle and authority, is to be construed simply as a consent on the part of the legislature to the use of the avenue by the Gravesend and Coney Island Railroad Company for a railroad, but as conferring no power or authority to occupy the street for that purpose, without the consent of the proprietors of the soil, or until by proceedings under the general railroad act the land had been condemned to the use of the road, upon compensation made to the owners. (*Fletcher* v. *The Auburn and Syracuse R. R. Co.*, 25 Wend., 462; *The Trustees, etc.*, v. *Auburn and Roch. R. R. Co.*, 3 Hill, 567; *Davis* v. *The Mayor, etc.*, 14 N. Y., 521; *Williams* v. *N. Y. C. R. R. Co.*, 16 id., 97; *Wager* v. *Troy Union R. R. Co.*, 25 id., 526.)

We think the judgment is right and should be affirmed.

All concur, except Rapallo, J., not voting.

Judgment affirmed.