URIEL A. MURDOCK, Appellant, *v.* THE PROSPECT PARK
AND CONEY ISLAND RAILROAD COMPANY, Respondent.

It *seems* that a parol license given by the owner of land to a railroad com-
pany to occupy the land for its road, followed by the expenditure of
money in the construction of the road is not irrevocable; it simply jus-
tifies the entry, and is revocable at the pleasure of the plaintiff.

An injunction is proper to restrain the continuous unlawful use of plaintiff's
land by a railroad company.

After the passage of the act of 1873 (chap. 531, Laws of 1873), providing
for the laying out of Gravesend avenue in the county of Kings, and
authorizing the construction of a railroad thereon, and while defendant,
who had acquired the franchise to build the railroad given by the
act, was engaged in an effort to remove the restriction contained in said
act against the use of steam power, plaintiff, who owned land over which
said avenue was to be constructed, and who was desirous of having a
railroad constructed operated by steam power, called upon defendant's
president and proffered his services to secure an amendment of said act,
removing the restriction.   No consent was asked for or given by plaintiff
to construct the railroad across his land.   The desired amendment having
been obtained (§ 4, chap. 307, Law of 1874), defendant, acting upon the
assumption that the authority conferred by the act of 1873 authorized

it to enter upon the avenue and construct its track without acquiring the title to, or compensating the owners of the lands, went on and completed that work. In an action to restrain defendant from using plaintiff's land for its road and for damages, *held*, that the facts did not authorize a finding of a parol license for such use, and that the action was maintainable. *Murdock* v. *P. P. and C. I. R. R. Co.* (10 Hun, 598), reversed.

(Argued April 24, 1878; decided May 21, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of defendant entered upon a decision of the court on trial without a jury. (Reported below, 10 Hun, 598.)

This action was brought to restrain defendant from operating its road over and across lands of plaintiff in the county of Kings, included in Gravesend avenue.

The facts appear sufficiently in the opinion.

*Roger A. Pryor*, for appellant. Plaintiff's permission to defendant to enter upon his land would be consistent with the reservation of a claim for compensation. (*Eggleston* v. *Harlem R. R. Co.*, 35 Barb., 172.) If plaintiff had given a license it was revocable at his pleasure. (*Babcock* v. *Utter*, 32 How., 439; Keyes, 397, 403; 35 Barb., 162; *Jamieson* v. *Milleman*, 3 Duer, 255; *Mumford* v. *Whitney*, 15 Wend., 380; *Ex parte Coburn*, 1 Cow., 570; *Selden* v. *D. and H. C. Co.*, 29 N. Y., 639; *Phelps* v. *Nowlen*, 6 W. Dig., 132; *Pierrepont* v. *Barnard*, 6 N. Y., 288; *Wolfe* v. *Frost*, 4 Sandf. Ch., *77; *Davis* v. *Townsend*, 10 Barb., 333; *Boyce* v. *Brown*, 7 id., 90; *Houghtailing* v. *Houghtailing*, 5 id., 379; *Brown* v. *Woodworth*, id., 550; *Miller* v. *Aub. etc., R. R. Co.*, 6 Hill, 61; *Pitkin* v. *L. I. R. R. Co.*, 2 Barb. Ch., 221; *Jackson* v. *Babcock*, 4 J. R., *418; *Jackson, etc., Sharp Co.* v. *Phil., etc., R. R. Co.*, 2 Am. R. R. Rep., 70; *De Hars* v. *U. S.*, 5 Wall., 627; *Day* v. *N. Y. C. R. R. Co.*, 31 Barb., 548; *Bruce* v. *Tilson*, 25 N. Y., 202, 203.) The expenditure by defendant was inoperative as an equitable estoppel. (1 Abb. Ct of App. Dec., 59; 1 Keyes, 115–407;

35 Barb., 172; 2 Am. R. R. Rep., 79–80; *Christianson* v. *Linford,* 3 Robt., 215.)

*John H. Bergen,* for respondent. The right granted to defendant was more than an easement ; it was a qualified interest or a right of *profit a pendre.* (*Senhouse* v. *Christian,* 1 T. R., 560; *White* v. *Crawford,* 10 Mass., 188; *Goodrich* v. *Burbank,* 12 Al. [Mass.], 459; *Bowen* v. *Connor,* 6 Cush., 137; *Bailey* v. *Stephens,* 12 C. B. [N. S.], 110; *Muskit* v. *Hill,* 35 Eng. Cr. L., 371, 694; *Borst* v. *Empire,* 5 N. Y., 33.) It was at least an easement. (*Prov. Gas Co.* v. *Thurber,* 2 R. I., 15; Washb. on Easements and Servitudes [3d ed.], 8. Treating the right as a license it afforded a good defense to this action. (*Marble* v. *Whitney,* 28 N. Y., 297; *People* v. *Goodwin,* 5 id., 568; *Selden* v. *D. and H. C. Co.,* 29 id., 634; *Muller* v. *Aub. etc., R. R. Co.,* 6 Hill, 61; *Eggleston* v. *N. Y. and H. R. R. Co.,* 35 Barb., 172; Washb. on E. and S. [3d ed.], 680; *Liggins* v. *Inge,* 7 Bing., 682; *Winter* v. *Brockwell,* 8 East, 308; *Morse* v. *Copeland,* 2 Gray, 302; *Elliott* v. *Rhett,* 5 Rich., 405, 418, 419; *Dyer* v. *Sanford,* 9 Metc., 395; *Curtis* v. *Noonan,* 10 Al., 406; *Veght* v. *Raritan, etc., Co.,* 4 C. E. Green, 142, 159; *Le Fevre* v. *Le Fevre,* 4 S. & R., 241; *Short* v. *Taylor,* 2 Eq. Cas. Abr., 522; Tudor's L. Cas., 109; 2 Story's Eq. Jur., 388; *Tarrant* v. *Terry,* 1 Bay., 239; *Powell* v. *Thomas,* 6 Hare, 300; *Williams* v. *Jersey,* C. & P., 91; *Devonshire* v. *Eglin,* 14 Beav., 530; Washb. on E. & S., 97.)

ANDREWS, J. It is conceded that the plaintiff owns the fee of the land included in Gravesend avenue, described in the complaint, and that the defendant has constructed and is operating its road on the avenue across the plaintiff's premises, without having taken proceedings to acquire his title under the general railroad act, and without any grant from the plaintiff, or any right under any written agreement with him to occupy his premises.

The defendant justifies its entry upon the plaintiff's land

and asserts its right to maintain its road thereon under an alleged parol license of the plaintiff.

The learned judge at Special Term found that the defendant entered upon the avenue and constructed its road over the plaintiff's land thereon by his express license and permission, and that induced thereby it expended large sums of money in such construction. We are of opinion that the evidence does not warrant the finding of the court upon these questions.

The project of constructing a railroad on Gravesend avenue was contemplated and provided for by the act under which the avenue was laid out and opened. (Laws of 1873, chap. 531.) The franchise was by the thirteenth section of the act given to the Gravesend and Coney Island Railroad Company, and this defendant soon afterwards acquired and now holds the franchise conferred by the act upon that corporation. The work of constructing the road was not immediately commenced, but awaited the result of an effort by the company to secure a modification of the restriction in the original act against the use of steam power, in which the company was successful (Laws of 1874, chap. 307), and thereafter the work was commenced and prosecuted to its completion. The defendant claimed and acted upon the assumption that the legislative authority conferred by the act of 1873 upon the Gravesend and Coney Island Railroad Company to construct and maintain a railroad upon the avenue empowered that company and the defendant, as its successor in interest, to enter upon and occupy the avenue for its track, and operate its road upon and over the same without making compensation to or acquiring the title of the owners of the land through which the avenue was laid. The defendant proceeded upon the theory that the fee of the land taken for the avenue was acquired under the act of 1873, for the purpose both of a highway and railroad, and that no interest remained in the persons whose lands were appropriated. The contrary was held by the court in the case of *The Washington Cemetery* v. *The Prospect Park and Coney*

*Island R. R. Co.* (68 N. Y., 591), which decided that the use only was taken for the purpose of an ordinary highway.

The interviews between the plaintiff and defendant, relied upon to establish the alleged license, are to be interpreted with reference to the surrounding circumstances. The plaintiff was the owner of twelve acres of vacant land through which the avenue was laid. He was desirous of having the railroad constructed, and was especially anxious that it should be operated by steam power. He called upon the president of the defendant on several occasions, and proffered his services to secure an amendment of the act of 1873, removing the restriction against the use of steam, and the president of the defendant testified that the whole point of the interviews was whether steam or horse power should be used on the road. There was no reference at any time to the question of the right of the company to construct its road upon the avenue. The company did not request the plaintiff's consent to construct the road on the avenue across his land, nor did he proffer it. The subject was not in any way referred to by either party. The only inference which can be drawn from the interviews between them is that the plaintiff, knowing that the road was to be constructed upon the avenue, desired that it should be a steam road, and not a horse road, and that his purpose in seeking the interviews was to promote this change from the original design. The evidence is quite too vague and indefinite to authorize the inference that he designed to surrender any legal right he had to his land, or to allow the defendant to appropriate it for the use of the road, without compensation. The company had the right, under the act of 1873, to construct its road upon the avenue, on complying with the condition precedent of obtaining the title of the owners by cession or by proceedings under the general railroad act. There is no evidence that, in constructing the road, the company acted upon the faith of any consent of the plaintiff. At that time, they did not regard the consent of the land owners as at all material or necessary.

The further question, as to the effect of a parol license to occupy the plaintiff's land, followed by the expenditure of money in the construction of the road, need not be considered. The authorities in this State seem to be decisive that the license, if given, operated simply to justify the entry, but was revocable at the pleasure of the plaintiff. . (*Mumford* v. *Whitney,* 15 Wend., 381; *Miller* v. *The Auburn and Syracuse R. R. Co.,* 6 Hill, 61; *Selden* v. *The Del. and Hud. Canal Co.,* 29 N. Y., 639; *Babcock* v. *Utter,* 1 Keyes, 397; *Wolfe* v. *Frost,* 4 Sand. Ch., 77; Wash. on Real Prop., 542, and cases cited.)

No question is made as to the right of the plaintiff to an injunction to restrain the continuous unlawful use of the plaintiff's land by the defendant, and a repetition of the grievances of which he complains, assuming that no consent to construct the road thereon was established. (2 Story's Eq. Jur., § 925; *Williams* v. *The N. Y. C. R. R. Co.,* 16 N. Y., 111; *Milhau* v. *Sharp,* 27 id., 625.)

The judgment should be reversed and a new trial ordered.

All concur.

Judgment reversed.