## THE JAMAICA AND BROOKLYN PLANKROAD COMPANY, APPELLANT, *v.* THE NEW YORK AND MANHATTAN BEACH RAILWAY COMPANY, RESPONDENT.

*Railroad company — right of, to cross a turnpike or plankroad — the damages must be appraised and paid before the land is entered upon — Chap.* 19 *of* 1851, *sec.* 4.

Under section 4 of chapter 19 of 1851, providing that in case any railroad shall occupy or cross any turnpike or plankroad, the railroad company shall pay such turnpike or plankroad company all damages the turnpike or plankroad company may sustain by reason of such occupancy or crossing, to be ascertained and paid in the same manner as is provided by law for the assessment and payment of damages in case of taking private property for the use of railroad companies; the damages must be appraised and paid before the land of the turnpike or plankroad company can be entered upon.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

The plaintiff is a plankroad company organized under the general law. It is alleged in the complaint that for twenty-nine years it has been seized in fee and is the owner, and is in possession of a plankroad, and also a strip of land sixty-six feet in width; that the defendant is a railroad corporation, and that in 1877 it constructed its road across the plaintiff's road and land without its leave and without making any compensation therefor, and that it has ever since maintained the same. The relief demanded was an injunction and damages.

The authority to cross the plaintiff's road is given by section 4 of chapter 19 of 1851, which reads as follows: "In case any railroad shall occupy or cross any turnpike or plankroad, the railroad company shall pay such turnpike or plankroad company all damages the turnpike or plankroad company may sustain by reason of the occupancy or crossing such turnpike or plankroad, the damages to be ascertained and paid in the same manner as is provided by law for the assessment and payment of damages in case of taking private property for the use of railroad companies."

The court found six cents damages for plaintiff and refused to find that plaintiff was entitled to an injunction.

*Wm. N. Dykman,* for the appellant.

*Alfred C. Chapin,* for the respondent.

BARNARD, P. J.:

By section 4 of chapter 19 of the Laws of 1851 it is provided that in case any railroad shall occupy or cross any plank or turnpike road the railroad company shall pay such turnpike or plankroad company all damages sustained by reason of the occupancy or crossing of their road, the damages to be ascertained and paid in the same manner as is provided by law in cases for taking private property by railroad companies. This language plainly imports payment of damages before the taking of the property. Such has been the uniform construction in reference to taking private property. Before the land is to be entered upon, the damages must be appraised and deposited or paid, as provided. for by the law. This is in accordance with principles of justice. The owner should have the right to recover the compensation provided for by the Constitution and laws, before the property is appropriated to the public use. It is proven in this case that the plankroad is of little value and almost abandoned, but the question of the extent of the damages will be one for the commissioners to be appointed under the general railroad act to determine. The entry being a trespass, the continuing use of the plaintiff's road brings the case within the equitable powers of the court to prevent multiplicity of actions.

The judgment should be reversed and a new trial granted, costs to abide event.

LAWRENCE, J.:

I concur in the foregoing opinion on the authority of the cases of *The Ellicottville and Great Valley Plankroad Company* v. *Buffalo and P. R. R. Co.* (20 Barb., 644), and *Murdock* v. *Prospect Park and Coney Island Railroad Company* (73 N. Y., 579), and cases cited in the latter case.

Present — BARNARD, P. J., and LAWRENCE, J.

Judgment reversed and new trial granted, costs to abide event.