WILLIAM H. McCAFFREY, RESPONDENT, *v.* SAMUEL J. SMITH AND ORVILLE J. WING, APPELLANTS.

*Hack stands, in a public highway — when the right to establish them cannot be granted without the consent of the owner of the fee of the highway.*

In this action, brought by the plaintiff, a hotel-keeper, against the defendants, livery-men, to recover damages for injuries sustained by reason of the defendants' horses and carriages having been kept standing in front of the plaintiff's hotel, a judgment was entered in plaintiff's favor for the damages sustained and also perpetually restraining the defendants from standing horses, carriages and hacks in front of the premises of the plaintiff for the purpose of letting the same for hire. Upon the trial the defendants offered in evidence a by-law of the village of Saratoga Springs providing for the granting of licenses to the proprietors of hacks, carriages, etc.; and another by-law declaring that portion of Broadway in the said village which adjoined the plaintiff's premises a stand for hacks, and another authorizing them to stand on the said street as therein prescribed.

*Held*, that the court properly refused to receive the evidence as neither the legislature nor the village authorities had power, *as against the adjoining owners*, to confer upon any person the right to make use of the highway for any other purpose than to pass or repass without the consent of the owner of the fee.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury rendered at the Saratoga Circuit.

*Wm. H. McCall*, for the appellants.

*Chas. S. Lester*, for the respondent.

PARKER, J.:

In the court below judgment was rendered in favor of the plaintiff for fifty dollars damages for injuries sustained by reason of

the defendants' horses standing in front of plaintiff's hotel, and by said judgment a perpetual injunction against a continuance thereof by the defendants was granted.

The plaintiff is the proprietor of the Adelphi Hotel, in the village of Saratoga Springs. The defendants, who are liverymen, caused horses and carriages to stand for hire in the highway adjoining plaintiff's premises, and in front thereof, to such an extent as to interfere somewhat with access to the hotel and premises of the plaintiff. Plaintiff also claimed that the urine and droppings from the horses produced an offensive odor which penetrated the parlors and other rooms of the hotel.

The plaintiff is the lessee of the hotel and premises, and as such was in the actual possession and occupation thereof at the time the acts complained of were committed, and he was entitled to have the highway adjoining and in front of such premises kept free from all obstructions and nuisances. (*White's Bank of Buffalo* v. *Nichols*, 64 N. Y., 73.) The public interest in the highway is nothing but an easement which gives to individuals the right to pass and repass on foot or with animals and conveyances, and, as an incident, they may do all acts necessary to keep the highway in proper repair for traveling purposes. (*Kelsey* v. *King*, 33 How. Pr., 39.) Any use of a highway except for the purposes of traveling, and the making of necessary repairs under the direction of proper authorities, constitutes a trespass against the adjoining owner (*Jackson* v. *Hathaway*, 15 Johns., 447; *Adams* v. *Rivers*, 11 Barb., 390); and actions of trespass or ejectment may be maintained therefor. (*Bloomfield Gas-Light Co.* v. *Calkins*, 62 N. Y., 386.)

The case was properly submitted to the jury by the trial court in accordance with the foregoing well-established legal principles, and the finding of the jury must be treated as final and the judgment affirmed, unless some of the defendants' objections shall be found to have been well taken.

On the trial the defendant offered in evidence a by-law of the village of Saratoga Springs, as follows: " On the payment of the sum hereinafter mentioned a license shall be issued, signed by the president of the village and countersigned by the clerk, to the proprietor of every hack, carriage, cab, cart, wagon, omnibus or livery stable, engaged in carrying passengers, baggage, freight or

other property in the village of Saratoga Springs, authorizing them to carry passengers and property for hire. Any violation of the license by the licensee, or any one employed by him while engaged in soliciting or carrying passengers, baggage or freight in the village of Saratoga Springs, of any rule, regulation, ordinance or by-law of said village, shall forfeit such license, and the price or sum of money paid therefor, and the board of trustees may discontinue and annul such license for cause shown. The price to be paid for such license shall be as follows : By each proprietor for every horse used by him in his business in said village, before any vehicle or under the saddle, the sum of two dollars; the term of said license to expire in each year on the thirty-first day of May ; " also a by-law passed July 10, 1883, as follows :

" *Resolved*, That Broadway, from the north corporation line to the south corporation line, is hereby established as a stand for hacks, carts and other vehicles running for passengers, baggage and other property. Such vehicles shall stand twelve feet from the curb, and but one row deep on each side of the street, and ample spaces shall be left in front of each building for the free ingress and egress of vehicles. No cross-walks shall be encumbered, nor shall any horse or vehicle stand within five feet of the same. All droppings and other refuse from horses or vehicles shall be removed by the owner or person in charge of the horse or vehicle, causing the same ; any violation of this section shall render the person violating the same liable to a penalty of ten dollars for each offense, to be recovered by the village in a civil action."

These by-laws are claimed to be in accordance with authority conferred by chapter 220, Laws 1866, as amended by chapter 230, Laws 1885. These by-laws were excluded by the court, and we think rightfully. The legislature undoubtedly had the power to authorize the village authorities to pass ordinances and by-laws (which they might enforce), limiting and restricting the use which the public might make of the streets beyond their rights of travel. Ordinances which could be enforced as against the adjoining owners themselves, for the purpose of keeping the streets open to free and uninterrupted travel.

But the legislature had not the power, neither had the municipal authorities, *as against* the adjoining owner, to confer upon any

person the right to make use of the highway, for any other purpose than to pass and repass, without the consent of the owner of the fee. ( *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y., 97; *Henderson* v. *Same*, 78 id., 423; *Knox* v. *The Mayor*, 55 Barb., 404; *People ex rel. O'Reilly* v. *Mayor*, 59 How., 277.)   As the by-laws in question afforded no protection to the defendants for the acts of trespass, committed *as against this plaintiff*, the evidence was properly excluded.

There are no other objections to the evidence nor exceptions to the charge entitled to consideration. The judgment further perpetually enjoined and restrained the defendants from standing horses, carriages and hacks in front of the premises of plaintiff for the purpose of letting the same for hire.   We see no occasion for interfering with the judgment in that respect.   An injunction is proper to restrain the continuous unlawful use of plaintiff's land. (*Corning* v. *Lowerre*, 6 Johns. Ch., 439; *Murdock* v. *The Prospect Park and Coney Island R. R. Co.*, 73 N. Y., 579; *Milhau* v. *Sharp*, 27 id., 611.)

The judgment and order appealed from must be affirmed, with costs.

LANDON, J., concurred; BOCKES, P. J., not acting.

Judgment affirmed, with costs.