COOLEY *et al.* v. CUMMINGS.

(*Supreme Court, General Term, First Department.* June 19, 1888.)

1. LANDLORD AND TENANT—OBSTRUCTING ACCESS TO WATER—INJUNCTION TO RESTRAIN.
   A tenant whose right to use a water-closet and Croton water is secured to him by lease, is entitled to an injunction restraining his landlord from maintaining a gate wholly barring the former's passage-way to and use of the same.

2. INJUNCTION—WAIVER OF DAMAGES—EFFECT ON PLAINTIFF'S RIGHTS.
   In a suit for injunction and damages, the waiver of the claim for damages does not affect the right to an injunction.

Appeal from special term, New York county; GEORGE C. BARRETT, Justice.

Argued before BRADY, DANIELS, and BARTLETT, JJ.

*Jacob Fromme*, for appellants.    *J. H. Whitlegge*, for respondent.

BRADY, J.    This action was brought to restrain the defendant from preventing the plaintiff's use of a water-closet and Croton water, the use of which was secured by lease, and from interfering with them in the use of the fifth floor of the premises designated in the complaint as a part of the demise covered by the lease. In addition to this relief, the plaintiffs demanded judgment for the damages occasioned by the wrongful acts of the defendant in interfering with the full enjoyment of the premises in the manner designated in the complaint. When the issues came on for trial at the special term, the counsel for the defendant demanded a trial by jury. The demand was resisted, and thereupon the plaintiffs, in order to defeat the object of the defendant, elected to waive all claim for damages, and struck out the prayer therefor from the complaint. When that was done, the counsel for the defendant moved to dismiss the complaint, upon the ground that it did not contain facts calling for the equitable intervention of this court, and on the further ground that the facts set out in the complaint did not constitute a cause of action. The motion was granted, and hence this judgment and appeal.

The lease secured to the defendants, in express terms, the demise particularly stated, and also the right to the use, on the third floor of the building, of the water-closet and Croton water, and the right to use the fifth story of the building to store fuel, etc.; and the allegation as to the violation of the right thus secured was that the instrument to which reference has been made, was executed with the express understanding, intention, and agreement of the parties that the plaintiffs and their employes should continue to use said water-closets and Croton water during the continuance of the term, and the extension thereof provided for in the instrument, and should at all times, while

at work in the night-time as well as in the day-time, have free and undisturbed access to and egress from said water-closet and Croton water, and to the fifth floor, for the necessary use and enjoyment of the same, for the purposes mentioned; and that without such uninterrupted access and egress at the night-time until 11 o'clock the plaintiffs could not peaceably and quietly have or hold and enjoy the premises, or carry on their business, without daily and continuous loss, damage, and irreparable injury. And, further, that the defendants, well knowing the premises, and against the will and protestation of the plaintiffs, erected, and caused to be constructed and erected, a double iron gate of the height of seven feet or thereabouts, across the only passage-way leading from the plaintiff's premises to the water-closet and Croton water on the third floor, and to the fifth floor, on which gate he put two patent padlocks, the keys of which he kept and retained from the plaintiffs and their employes, and thereby wholly barred therefrom the plaintiffs and their employes; necessarily having occasion several times during the day and night to visit said water-closet and Croton water, as well as from the said fifth floor. The only proposition which it is at all necessary to consider, made on behalf of the respondent, in order to sustain his judgment, is that the allegation in reference to the erection of the iron gate avers the interruption of one way only leading to the floors above; and this, in connection with the proposition that the court would take judicial notice of the building laws of this state, which require that means must be provided for reaching the upper floors by means of a stair-way; and, further, that it is not alleged that the passage-way is the only means afforded by which to reach the closets, etc., and that the plaintiffs make no pretense that they could not get to the closets by stepping outside of the room to the main stairway, and by that mode reach the floors above. The answer to this seems to be simple. The motion to dismiss the complaint was made upon the ground that there were no facts calling for equitable intervention, and that the facts stated did not constitute a cause of action. The allegation is distinctly made that the gate was erected across the only passage-way leading from the plaintiff's premises to the water-closet and Croton water on the third floor, and to the fifth floor, and that the construction of this barrier wholly barred the plaintiffs from visiting the water-closet and the Croton water. Assuming that the court would take judicial notice of the necessary staircase in the building,—which is not conceded,—the written instrument, being a demise, might be of such a character as to confer no privilege upon the lessee of the use of the staircases, and might confine him to the use of such means of access as were within its precise terms and limits, and that seems to be the effect of the demise of the lease herein and the allegations. No doubt whatever exists that the demise embraces the use of the Croton water and of the water-closets and the fifth story, or of the existence of a passage-way leading from the premises of the plaintiff to the water-closet and Croton water privilege, or of the construction of the barrier across the passage-way preventing its use. Indeed, the erection of the gate proves that access could be had in that way. And these facts, when considered with the further allegation made, namely, that the gate wholly barred the plaintiff from the use of the water-closet and the Croton water, it becomes clear that a cause of action was stated. We are dealing now with the written instrument, and allegations of fact connected with it, and we are not permitted, therefore, to wander into the field of presumption and suppositions, but are confined to the limits just mentioned; *non constat* but that on the trial it would appear that the plaintiffs were not, as alleged, confined within the limits expressed, and that there were other modes of access to the water-closet on the third floor, and to the fifth floor, which they would have the right to employ. But that would necessarily be a matter of proof, to be given upon the trial. Under the allegations, as indicated, it would be improper to assume that other modes of access were given plaintiffs which they might have employed without inconveni-

ence. The suggestion, therefore, that the complaint did not contain facts constituting a cause of action, is not sustained, nor is the proposition that the complaint does not contain facts calling for equitable intervention a good one. It certainly is not necessary to cite authorities to show that the continuous interference of a landlord with the rights of his lessee presents a subject for equitable cognizance; but, if it be, reference is made to *Williams* v. *Railroad Co.*, 16 N. Y. 111; *Wheelock* v. *Noonan*, 15 N. E. Rep. 67. See, also, *Murdock* v. *Railroad Co.*, 73 N. Y. 579; *Underwood* v. *Burrows*, 7 Car. & P. 29; 1 High, Inj. §§ 772, 848. The grounds for equitable interposition in a case like this are—*First*, the inadequacy of any legal remedy to secure the party in the enjoyment of his right; and, *second*, to prevent the multiplicity of suits for damages accruing. See *Corning* v. *Factory*, 40 N. Y. 191. The waiver of damages did not affect the right of the plaintiffs to the equitable interposition of the court to protect them in the enjoyment of their demise. No authority has been cited to sustain such a proposition, and none has been found. The judgment should therefore be reversed, and a new trial granted, with costs to the appellants to abide the event.

DANIELS and BARTLETT, JJ., concur.