ANDRES W. KETCHUM et al., Respondents, *v.* HENRY NEWMAN et al., Appellants.

Where an owner of premises in the city of New York, proposing to excavate for the purpose of building thereon, having obtained a parol license from the occupant of adjoining premises as required by the consolidation act (§ 474, chap. 410, Laws of 1882) has shored up a party-wall and removed the foundation thereof, he may, notwithstanding a revocation of the license, proceed and build up a new foundation wall so as to sustain the party-wall, and for that purpose has the right to enter upon so much of the adjoining premises as is necessary, and until this work is done, if he proceed with reasonable dispatch and does it in a good workmanlike manner, with as little injury and inconvenience as possible to the adjoining occupant, he may not be regarded as a trespasser, nor can he be required to remove the supports to the wall.

*Murdock* v. *P. P. & C. I. R. R. Co.* (73 N. Y. 579); *Mumford* v. *Whitney* (15 Wend. 380) distinguished.

(Argued October 11, 1889; decided November 26, 1889.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city of New York, entered upon an order made December 7, 1886, which affirmed a judgment in favor of plaintiffs, entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Herbert A. Kingsbury* for appellants. The admission of evidence of losses suffered by the plaintiffs, and not proved to have been occasioned by the matters complained of, was

error. (*Schile* v. *Brokhahus*, 80 N. Y. 620.) The court erred in that it charged the jury that if the wall of the plaintiffs' building had stood twenty years it was an ancient wall, and, therefore, it was presumed to be a party-wall, to whose support the plaintiffs had a right, and with which the adjoining owner could interfere only at his peril. (*Radcliffe* v. *Mayor, etc.*, 4 N. Y. 95; *Dorrity* v. *Rapp*, 72 id. 307.) The court erred in that it charged the jury that, even if a license to do the work complained of had been given by the plaintiffs, such license might be revoked by notice. (*Mumford* v. *Whitney*, 15 Wend. 388; 3 Kent's Com. 452; *Fargis* v. *Walton*, 107 N. Y. 398, 403; *Dowe* v. *Hollister*, 6 Week. Dig. 427.)

*Eugene S. Ives* for respondents. If there were a license, it was revocable at any time without regard to any expense which had been incurred by the defendants. (*Wheelock* v. *Noonan*, 108 N. Y. 179; *Murdock* v. *P. P., etc. R. R. Co.*, 73 id. 579, 584; *Beach* v. *Crane*, 2 id. 86, 97; *Bowyer* v. *Cook*, 4 Man., Gr. & S. 236; *Holmes* v. *Wilson*, 10 Ad. & E. 503; *Fargis* v. *Walton*, 107 N. Y. 403.) The defendants were liable for all that occurred, irrespective of the question of negligence. (*Slater* v. *Mersereau*, 64 N. Y. 146; *Vogel* v. *Mayor, etc.*, 92 id. 10.) The charge of the court that the plaintiffs' wall, if ancient, might be presumed to have been a party-wall was fully justified. (*Schile* v. *Brokhahus*, 80 N. Y. 610.) Defendants were liable as trespassers. One who interferes with a party-wall does so at his peril. (*Brooks* v. *Curtis*, 50 N. Y. 639; *Dorrity* v. *Rapp*, 72 id. 311.)

HAIGHT, J. This action was brought to recover damages which it is alleged the plaintiffs had sustained by reason of the destruction of their stock of millinery goods, consisting of silks, ribbons, velvets, flowers, feathers, hats, etc., and for being deprived of the use of a portion of the basement of the premises occupied by them and of the first floor of the rear of their premises.

The plaintiffs were the tenants and occupants of the store known as 632 Broadway in the city of New York. The

defendants were the owners of the adjoining building 630. In February, 1882, the defendants took down their building and commenced excavating for the purpose of rebuilding. Their contractor, Goodwin, entered upon the premises occupied by the plaintiffs and inserted numerous needles, or sticks of timber, through their basement wall for the purpose of shoring up and holding the wall of the building in position whilst the defendants excavated for the foundation wall of their new building and built the same up so as to support the walls of the plaintiffs' building.

The defense was that the plaintiffs had given the defendants a license so to do, which became a controverted question of fact in the case.

The statute provides that "Whenever excavations for building or other purposes on any lot or piece of land in the city and county of New York shall be intended to be carried to a depth of more than ten feet below the curb, and there shall be any party or other wall wholly or partly on adjoining land, and standing upon or near the boundary lines of such lot, the persons causing such excavation to be made, if afforded the necessary license to enter on the adjoining land, and not otherwise, shall at all times from the commencement until the completion of such excavations, at his own expense, preserve such wall from injury, and so support the same by a proper foundation that it shall remain as stable as before the excavations were commenced." (Laws of 1882, chap. 410, § 474.)

The trial court in its charge to the jury called attention to the provisions of this statute, and submitted the question of fact as to whether or not the license to enter the plaintiffs' premises and shore up the walls was, in fact, given.

It further appeared that after the needles had been entered shoring up the main wall of the plaintiffs' building, and after half of the wall had been taken down, a notice was served by the plaintiffs upon the defendants requiring them to remove the materials and men from their premises, and ordered them to discontinue and put a stop to all work or labor on their premises from that date, and notifying them not to enter

upon the premises thereafter, or do any work or labor thereon. The court charged the jury that, "while a license given by one party to another where the licensee spends money, and upon which license he acts, might not in every case be revocable at the mere caprice and will of the licensor, yet; in a case where the license is merely permissive, and no actual damage has occurred, a parol license may be revoked by notice at any time. The original entry would be lawful, but a continuance upon the premises after such notice constitutes a trespass. I charge you in accordance with the authority laid down in the case of *Murdock* v. *Prospect Park & Coney Island Railroad Company* (73 N. Y. 584), that a parol license may be revoked by the party granting it at any time, and after such revocation the licensee or party for whose benefit the license was originally granted would be a trespasser if he insisted in acting under it."

The defendants excepted to such portions of the charge which hold "that if a license was given in this case to enter upon the plaintiffs' premises and shore up their wall, that such license might be revoked by the notice, and was revoked by the notice written, alleged to have been served upon the defendants, if the jury find that it was served upon them, even though the defendant Goodwin had acted upon the license and had inserted needles for the support of the wall in pursuance of that license;" to which the court replied: "I think I said it was revocable. I do not recollect that I said that it was revoked as a fact."

The defendant's counsel stated to the court that he claimed that the tenant, having given a license under the circumstances to do this particular thing, could not, by any possibility as against the owner of the building and against those who had expended money under the license, compel the parties who had acted on their consent, at their own expense, to withdraw the support from the wall and cause the wall to fall; to which the court replied that he had left all the evidence upon that point to the jury, where it properly belonged; that he had stated the decision of the Court of Appeals as to a parol

license being revocable. The defendants' counsel then stated that, for the purpose of saving the point, he passed to the court a written request to charge, which he would consider denied so as to save the exception. The request so passed to the court was not charged, and is as follows: "If the jury find from the evidence that prior to the defendant Goodwin commencing to shore up the plaintiffs' wall, the plaintiffs orally consented that he might enter upon their premises for that purpose, and thereupon, acting upon this consent, the defendant Goodwin did enter upon the plaintiffs' premises for the purpose of shoring up said wall, and did cause needles to be inserted for such purpose, and did go to considerable expense in the work of shoring up said wall, and did said work with reasonable skill and care, and that thereafter the plaintiff undertook to revoke their said permission by ordering said Goodwin and the other defendants to remove the said needles at their own expense, such revocation was ineffectual to this extent, that it did not require the defendants Cohn and Newman to withdraw at their own expense the needles thus put in."

The evidence tended to show that the old foundation wall, for a space of about sixty feet, was a party-wall upon which both buildings were constructed. This wall below the needles was entirely removed, the excavation made some twenty-two feet below the curb, and a new wall built up, which became the support for the wall of the plaintiffs' building. As we have seen that, at the time of the revocation of the license or of the notice to remove was given, half of the old foundation wall had been entirely removed, and the plaintiffs' building was then supported by the needles which had been inserted through the wall, to remove them at that time would endanger the lives of the workmen and allow the building to fall.

We have carefully examined the authorities upon which the court and the respondents rely, and we have no question to make in reference to the correctness of the rule as stated in those cases, but we do question their application to the case under consideration.

In the case of *Murdock* v. *Prospect Park & Coney Island Railroad Company* (73 N. Y. 579) the license was given by the owner of the land to the railroad company to occupy the lands for its road. It was not a grant of a permanent interest in the realty, but was simply a license to enter, and was revocable at pleasure.

So in the case of *Mumford* v. *Whitney* (15 Wend. 380). It was a parol agreement that a party may abut and erect a dam upon the lands of another for the purpose of creating a water power. It was held that a license was a mere authority to enter upon the lands of another, and that a permanent interest in land could be transferred only by writing.

In these cases a permanent right to occupy real estate was claimed under a license in the absence of any written transfer or permit; but, in the case under consideration, the license, if given, was made pursuant to the statute to which we have referred, and was authorized by it. When given, the defendants were required "at all times, from the commencement until the completion of such excavations, at his own expense, to preserve such wall from injury, and so support the same by a proper foundation that it shall remain as stable as before the excavations were commenced."

Here we have express statutory provisions specifying what the defendants must do upon receiving the license, and it appears to us that at least up to the extent that the walls had been shored at the time the revocation of the license was served, the defendants had the right to proceed and build up the new wall so as to sustain the walls of the plaintiffs' building, and for that purpose had the right to enter upon so much of the plaintiffs' lands as was necessary, before they could be required to remove the needles from the premises. Undoubtedly it was the duty of the defendants to proceed with reasonable dispatch, without unnecessary delay, to perform the job in a good workmanlike manner, with as little injury and inconvenience to the plaintiffs as possible, but in so doing they cannot be regarded as trespassers, and no recovery could be maintained against them as such. Whether or not the

defendants had the right to proceed and shore up other portions of the plaintiffs' building after service of the notice of revocation, it is not necessary to now consider, for under the charge of the court the defendants were regarded as trespassers from the time of the revocation of the license, if they thereafter acted under it.

For the reasons stated, the judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.