(6 Misc. Rep. 138.)

CURRAN v. WEISS et al.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

1. FLOODING TENANT OF LOWER FLOOR—NEGLIGENCE—DEFECTIVE APPARATUS.
    In an action for injury to the property of the tenant of the lower floor of a building by the overflow of a water basin on the upper floor, negligence of the tenant of the upper floor is shown by the fact that the overflow was the result of want of repair of a faucet attached to the basin, and omission to remove the stopple from the gap of the basin.

**2. SAME—CONTRIBUTORY NEGLIGENCE—FAILURE TO SHUT OFF WATER.**
　　Contributory negligence on the part of the tenant of the lower floor is not shown by the fact that he did not check the supply of water overnight by means of a cut-off on his premises; no such duty being placed on him by his lease, and he not having led the other tenant to believe that he would turn it off.

**3. ASSIGNMENT OF CLAIM—ACTION BY ASSIGNEE—INTEREST OF ASSIGNOR.**
　　One to whom the legal ownership of a demand is transferred can recover thereon, though the assignor expected to share in the recovery.

Appeal from first district court.

Action by Patrick H. Curran against Nathan Weiss and others to recover damages for the negligence of defendants, or their servants, which resulted in the overflow of a water basin, and injury to a stock of merchandise belonging to plaintiff's assignor; the latter being at the time the tenant and occupant of the lower, and defendants the tenants and occupants of the upper, portion of the same building. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Louis J. Vorhaus, for appellants.
Campbell & Murphy, for respondent.

BISCHOFF, J. The facts of the overflow and leakage of water from defendants' premises to those of plaintiff's assignor, and damage to the latter's stock of merchandise, abundantly appear from the evidence, and were conceded on the trial. Likewise, it appeared on the trial that the overflow was the direct result of the want of repair of an automatically closing faucet attached to the basin, and by means of which it was supplied with water, and the omission to remove the stopple from the gap of the basin. These last-mentioned facts unequivocally established negligence on the part of the defendants, or their servants. Killion v. Power, 51 Pa. St. 429; Moore v. Goedel, 34 N. Y. 527, 532.

Defendant's assumption that it was the duty of McKeown, plaintiff's assignor, to check the supply of water to their premises overnight by means of a cut-off located upon the premises of the latter was wholly unwarranted. McKeown's lease did not impose such a duty upon him, neither had he led defendants to believe that he would observe it. Samuel Weiss, one of the defendants, refuted any such inference by his admission that McKeown told him long before the overflow that he would do as he pleased about turning the water on or off. McKeown cannot, therefore, be said to have been guilty of contributory negligence because he failed to check the water supply. He had a right to rely upon defendants' observance of ordinary care, and was not bound to guard against its omission. Anselment v. Daniell, 4 Misc. Rep. 144, 23 N. Y. Supp. 875.

The legal ownership of the demand in suit having been transferred to plaintiff, he was entitled to recover, notwithstanding the fact that the assignor expected to share in the recovery. Sheridan v. Mayor, etc., 68 N. Y. 30. Judgment affirmed, with costs.