## WETTERER v. SOUBIROUS.

(Supreme Court, Appellate Term. February 28, 1898.)

1. ADJOINING LANDOWNERS—EXCAVATIONS—LANDLORD AND TENANT—EVICTION.
   Where a tenant of real property permits one who is excavating on adjoining property, even though that person be his landlord, to enter on the demised premises, and insert "needles" or beams in a wall for temporary support, the latter is thereby authorized to build a new wall to sustain the old one (Laws 1882, c. 410, § 474); and in the meantime the presence of the needles does not effect a partial eviction, such as to constitute a defense to summary proceedings by the landlord to recover possession of the premises, for nonpayment of rent.

2. SUMMARY PROCEEDINGS AGAINST TENANT—PARTIES.
   One to whom a landlord assigns the lease, even though he is a mere "dummy," is nevertheless, as against the tenant, the real party in interest in a summary proceeding to recover possession of the premises for nonpayment of rent subsequently falling due.

3. EVIDENCE—DOCUMENTS—ACKNOWLEDGMENT.
   To entitle an instrument to be introduced in evidence, the acknowledgment of its execution may be made even after the action has been commenced, and at any time before it is actually offered in evidence.

4. LANDLORD AND TENANT—ATTORNMENT TO ASSIGNEE.
   An attornment by a tenant to an assignee of the landlord is not requisite to entitle the assignee to demand payment of rent thereafter falling due, and to maintain a summary proceeding to recover possession on the ground of its nonpayment.

5. JUSTICES OF THE PEACE—JURISDICTION—SUMMARY PROCEEDINGS.
   Code Civ. Proc. § 2956, requiring a dismissal of the complaint in a justice's court where it appears, on the trial, from plaintiff's own showing, that the title to real property is in question, applies only to actions, and has no relation to summary proceedings.

Appeal from Sixth district court.

Summary proceedings by William Wetterer against Andrew Soubirous to recover possession of real property for nonpayment of rent. From a final order in favor of the landlord on a trial without a jury, the tenant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Horace A. Davis, for appellant.
Gibson Putzel, for respondent.

GIEGERICH, J. These proceedings were based upon the non-payment, after demand, of a monthly installment of rent alleged to

be due from the tenant appellant to the landlord respondent on the 1st day of November, 1895, under a written lease of the house and premises known as "No. 294 Sixth Avenue," in the city of New York, made and executed by John L. Tonnele, as trustee under the last will of John Tonnele, deceased, to the tenant appellant, for the term of three years from May 1, 1891, at the yearly rental of $1,700, payable monthly in advance, and a written extension thereof from the 1st day of May, 1894. The petitioner respondent, in his petition, alleged that the lease was assigned to him. The allegation was denied by the tenant appellant in his answer, in which he also averred that Gerson Siegel was his landlord; and, denying the other allegations of the petition, he set up an actual eviction from a part of the demised premises. While the latter defense is available in summary proceedings to recover the possession of demised premises for nonpayment of rent (Hamilton v. Graybill, 19 Misc. Rep. 521, 43 N. Y. Supp. 1079), the same has not, in my opinion, been sustained. In July, 1897, it became necessary to make excavations for building purposes on the land north of the demised premises to a depth of more than 10 feet; and one Patrick Norton, the contractor having charge of said excavating, entered upon the premises in question, and inserted numerous needles or sticks of timber through the basement wall for the purpose of shoring up and holding it in position while he excavated for the foundation wall to be erected on the adjoining land.

It is claimed by the tenant appellant that from the month of August, 1897, to the hearing of these proceedings, the northerly wall of the basement was largely cut away, and the floor and doors blocked with timber, in consequence of which the undertenant occupying the basement abandoned the same, and the tenant appellant was deprived of the use thereof, all of which acts, it is further insisted, constitute an actual eviction from a part of the demised premises. There was, however, testimony adduced upon the trial which warranted the justice in finding (as is assumed from the final order) that the acts complained of were done by the said contractor under the express sanction of the tenant appellant and the tenant who occupied the basement. But the tenant appellant contends, furthermore, that, even if license to enter the demised premises was granted, it was the duty of the petitioner's assignor, Mr. Siegel, to proceed with reasonable dispatch, and to perform the job in a good and workmanlike manner, and with as little injury and inconvenience to the tenant appellant and the undertenant as possible. This, undoubtedly, would have been his duty had he at the time been the owner of the adjoining premises, and caused the excavation to be made; but the record, to my mind, fails to show any such fact. Even assuming, but without so holding, that the evidence affords an inference that Mr. Siegel was such owner and the person who caused the excavation to be made, he, nevertheless, had the right under said license to proceed and build up the new wall so as to sustain the northerly wall of the building upon the demised premises, and for that purpose had the right to enter upon so much of the tenant appellant's premises as was necessary, before he could

be required to remove the needles from the same. Ketchum v. Newman, 116 N. Y. 422, 427, 22 N. E. 1052. The foundation for the new wall was only in the course of erection at the time of the hearing of these proceedings, and the licensee, therefore, could not be compelled to withdraw the needles from the wall of the demised premises. His right to maintain such, as we have seen, continued until he had built up a new wall, which would sustain the northerly wall of the demised premises, and so that the latter should "remain as stable as before the excavations were commenced." Laws 1882, c. 410, § 474.

The tenant appellant also claims that said Gerson Siegel, and not the petitioner respondent, was the landlord of the premises in question when the rent was demanded and the proceedings were brought; but this contention is not supported by the evidence, from which it appears, on the contrary, that the lease was assigned by Mr. Siegel to the petitioner respondent prior to the time beforementioned, by an instrument in writing, dated September 30, 1895. The petitioner respondent was therefore the real party in interest, and whether or not he was a "dummy," as claimed, is of no moment. Sheridan v. Mayor, etc., 68 N. Y. 30; Curran v. Weiss, 6 Misc. Rep. 138, 26 N. Y. Supp. 8.

Upon the trial, the petitioner respondent offered in evidence an assignment of the lease, dated February 10, 1891, executed by John L. Tonnele, as trustee under the will of John Tonnele, deceased, together with a certificate of acknowledgment. This was objected to by the tenant appellant, on the ground that 30 seconds prior thereto the paper had not been acknowledged. Counsel for the petitioner respondent thereupon stated that "the paper was all complete with the exception of the notary affixing the signature. He is in court here, and will testify that he took the acknowledgment early this morning." The justice overruled the objection; the paper was admitted in evidence; and the tenant appellant noted an exception. There is nothing in this objection; for the acknowledgment of the execution of a written instrument may be made even after the action has been commenced, and at any time before it is actually offered in evidence. Holbrook v. Zinc Co., 57 N. Y. 616, 624; Abb. Tr. Ev. p. 6.

It was not necessary, as claimed by the tenant appellant, for him to attorn to the petitioner respondent in order to have enabled the latter to maintain these proceedings. Sloan, Landl. & Ten. p. 80. The written demand for the payment of rent which had become due on the 1st days of October and November, 1897, respectively, and which were served upon the tenant appellant on behalf of the petitioner respondent, gave notice to him of the claim of the latter respecting the demised premises; and the fact that rent was due for the last-mentioned month, and of its nonpayment, were amply proven.

The tenant appellant contends, furthermore, that it appeared upon the trial from the petitioner's own showing that the title to real property was in question, and was disputed by the tenant, and hence that the complaint should have been dismissed, pursuant to section 2956 of the Code of Civil Procedure. The record fails to show that the tenant appellant delivered to the justice an answer, or filed the

undertaking required by section 2952, or that he claimed upon the trial that the title to real property was in question; but, even had he complied with all these prerequisites, the justice would not have been ousted of jurisdiction, as the provisions of the Code respecting the answer of title are confined to actions, and have no relation to summary proceedings. In re White, 12 Abb. N. C. 348; People v. Goldfogle, 23 Civ. Proc. R. 417, 30 N. Y. Supp. 296. As was said by Mr. Justice O'Brien in the last cited case:

"The question in summary proceedings is whether the relation of landlord and tenant exists. The question of title cannot arise, the one presented being as to the right to possession; and the decision simply determines who is entitled to the possession, and cannot in any way affect title to land."

For these reasons, to my mind, the final order appealed from should be affirmed, with costs. All concur.