(15 Misc. Rep. 135.)

### EARLE v. McGOLDRICK.

(Common Pleas of New York City and County, General Term.    December 27, 1895.)

1. SUMMARY PROCEEDINGS—PETITION—AVERRING RELATIONS.
    A petition in summary proceedings reciting that petitioner became the owner of the premises by deed, and that defendant was in possession under an alleged agreement or hiring with petitioner's grantor, and still occupied the premises; that a notice to quit was served on him; and that defendant held over and continued in possession without the permission of "petitioner, said owner and landlord,"—sets forth the relation of the parties with the necessary particularity.

2. EXECUTORS AND ADMINISTRATORS—ACTS DONE AFTER DISCHARGE.
    A lease signed by one of two executors after their final accounting and discharge is void as against them acting as trustees under the will, or any one holding under them as such.

3. NEW YORK DISTRICT COURTS—DETERMINING VALIDITY OF LEASE.
    A district court of New York City, in summary proceedings, has power to declare the lease void, as such determination involves no exercise of equity jurisdiction.

4. ESTOPPEL—RECITALS IN DEED.
    One who takes a deed of land subject to "any rights" of a certain person who claimed to be a lessee, "or those claiming under him," but the deed does not recite the alleged lease, is not estopped to assert that the lease is void.

Appeal from district court.

Summary proceedings by William H. Earle, landlord, against Francis McGoldrick, tenant.    From a final order in favor of the landlord, the tenant appeals.    Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

George W. McAdam, for appellant.

Truax & Crandall, for respondent.

BOOKSTAVER, J.    The appellant claims that the petition was defective in failing to show that the conventional relation of land-

lord and tenant existed between the parties. The petition, dated May 4, 1895, alleged that the petitioner became the owner of the premises by deed from John P. Weis and Margaretta Herlt, as executors, etc., dated October 1, 1894; that the defendant was in possession as tenant for a term ending May 1, 1895, under an alleged agreement or hiring with Margaretta Herlt, and still occupied the premises; that a notice to quit was served on him on or about November 30, 1894, requiring him to give up possession May 1, 1895; that the defendant held over and continued in possession without the permission of "your petitioner, said owner and landlord." These averments, we think, were quite sufficient, and set forth the relations of the parties with more particularity than was done in Norsworthy's Estate v. Bryan, 33 Barb. 153, which was held sufficient. We also think that the Margaretta Herlt, executor, etc., named in the petition, was sufficiently identified with the Margaretta Herlt described as executor and trustee under the last will and testament of John H. Moore, deceased, and as one of the grantors in the deed set forth in the petition. If there was any question as to such identity, it was open to the defendant to raise it in his' answer, and he should have done so. From the petition it appeared that the conventional relation of landlord and tenant existed between the lessee and the assignees or grantees of the lessor, provided there was a conventional relation between the original parties. McAdam, Landl. & Ten. 619; Birdsall v. Phillips, 17 Wend. 464; Miller v. Levi, 44 N. Y. 489. The petitioner showed that he was the grantee of the lessor in this case, and thereby became the landlord of the defendant. Until May 1, 1894, the defendant had occupied the premises under a lease from Margaretta Herlt as executor, etc. Upon the trial he claimed that he was entitled to possession under a new lease for five years from May 1, 1894. This lease purports to have been made by Mrs. Mohr, as party of the first part, but it was signed by Margaretta Herlt, executor, and the defendant. It was therefore void as against the executors and any one claiming through them, being signed only by one of two trustees. Hill, Trustees, 305; Anon. v. Gelpcke, 5 Hun, 245, 255; Busse v. Schenck, 12 Daly, 12. The tenant was therefore, at most, a tenant from year to year. Talamo v. Spitzmiller, 120 N. Y. 37, 23 N. E. 980; Laughran v. Smith, 75 N. Y. 205. The lease last mentioned was also void because executed by Margaretta Herlt as executor, whereas it appears from the return that before executing such lease the executors had fully accounted and were discharged, and the property was, at the time of the making of the lease, held by them as trustees, and not as executors.

But counsel for the tenant contended that the judge before whom this proceeding was taken had no power to adjudge the lease void, seeming to assume that it required some equity jurisdiction in order to make such an adjudication. In this we think he is in error. District courts have to pass daily upon the legality of contracts submitted to them for decision, and to say whether they are void, or of binding force. The determination of this

matter required no more. The lease was either void at law, or of full force, and it was the province of the judge to determine that question; and we think he determined it correctly, for the reasons above stated. Indeed, in proceedings of this kind, he must frequently determine whether the instrument relied on is a lease or not; and it has been held, in proceedings of this nature, that the lessee may show that the instrument which purports to create the relation of landlord and tenant between the parties constitutes in fact a mortgage to secure the repayment of a loan, and that such a mortgage was void for usury, and was not a lease. People v. Howlett, 13 Hun, 138; Id., 76 N. Y. 574. It has also been held that in summary proceedings it may be shown that the lease is void, where the tenant answers he has held over thereunder. Dickinson v. Price, 64 Hun, 149, 18 N. Y. Supp. 801; People v. Howlett, supra; In re Wright (Super. Buff.) 16 N. Y. Supp. 808. Indeed, the tenant, by his answer, set up the lease in question, and claimed the right to hold thereunder for the full period of five years from the 1st of May, 1894, thereby raising the very question determined by the judge.

The tenant also claimed that the landlord was estopped by the recital in the deed from Weis and Herlt to him, which contained the following clause: "Subject to any rights Francis McGoldrick, or those claiming under him, may have in the above-described premises, or any part thereof." Had the lease itself been recited in the deed, there might have been a foundation for such claim. Such, however, was not the case. It is nowhere referred to in the deed. The only thing reserved to Francis McGoldrick were "any rights" he might have in the premises. These rights must, of course, be either legal or equitable, and capable of enforcement in a court of law or equity. But it is clear that the lease relied upon was invalid at law, and could create no right in the tenant. Sinclair v. Jackson, 8 Cow. 543,—where it was said:

"The defective lease would be inoperative at law, and must yield to the legal title acquired by the purchaser. * * * Nor was it legally available to the defendant * * * to show that the mortgage was taken subject to the lease, or that the sale was made with knowledge of the lease, and subject thereto. For the evidence, * * * if admitted, would not confirm the lease, or render it valid; for, being absolutely void, it was incapable of confirmation at law."

If the tenant had any right in equity which he could enforce, then, under his own theory of the powers of the district court, such equity power could not be entertained in those courts, in proceedings like these, and he should have resorted to an action in equity to restrain the landlord.

Due notice to quit having been given by the landlord to the tenant, he held over without right, and the final order dispossessing him was proper, and should be affirmed, with costs.