(18 Misc. Rep. 240.)

### DORSCHEL v. BURKLY (two cases).

(Supreme Court, Appellate Term, First Department. October 29, 1896.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS.
    A summary proceeding is not an "action," within the Code provisions requiring the district court judge to dismiss "actions" in which title to land is involved.

2. SAME—WHEN RELATION EXISTS.
    Where the guardian of the heir permits a lessee to remain in possession after the death of the tenant by the curtesy before the expiration of the term for which he has leased the land, the payment of rent by the lessee to the guardian creates the relation of landlord and tenant between the lessee and the heir, so as to enable him to maintain summary proceedings.

Appeal from Eleventh district court.

Summary proceedings by Annie Dorschel against Jacob Burkly to remove defendant from the premises No. 125 Amsterdam avenue, which he claimed to hold under a lease from plaintiff's father. From final orders in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Isaac N. Miller, for appellant.
Louis Wendel, Jr., and Quincy, Wendel & Robeson, for respondent.

DALY, P. J. The tenant claimed the right to possession under leases executed by the father of the petitioner, Annie Dorschel. The facts, briefly stated, are that Mr. Dorschel was tenant by the curtesy of this real estate, of which his wife died seised, and executed a lease which had not by its terms expired at the time of his death, nor at the time that his daughter, who was her mother's sole heir, became of age and elected to terminate the tenancy. After the

death of the life tenant the lessee was permitted to remain in possession on paying rent to the guardian of the petitioner. When the petitioner attained her majority she demanded rent, and afterwards possession of the premises, from the lessee, and, being refused, brought these summary proceedings to remove him as holding over— First, after nonpayment of rent; and, next, after the expiration of his term. The question upon these appeals is whether the justice should have dismissed the proceedings upon the ground that the title to real property was involved. There is no provision of law which requires a district court judge, before whom summary proceedings for the recovery of land was brought, to dismiss such proceedings where the title to real property is involved. The provision of the Code as to dismissal where questions of title are involved relate exclusively to civil actions (Code, §§ 2861, 2863, 2951, 2952, 2954, 3212), and so with respect to the consolidation act, § 1286. The word "action" is defined by section 3333 of the Code, and every other prosecution by a party is by section 3334 denominated a "special proceeding." Summary proceedings are especially designated as "special proceedings." Code, § 2235. In Re White, 12 Abb. N. C. 348, which was a proceeding to remove a squatter, it was held that the provision of the Code in regard to title did not apply to summary proceedings. In such a proceeding the owner of the land is bound to prove title if it is denied, and so with regard to proceedings by adjoining owners of property used for illicit purposes. Section 2237. The cases cited by appellant do not conflict with this view. In Lowman v. Sprague, 73 Hun, 408, 26 N. Y. Supp. 568, the only question discussed is the defense to a summary proceeding on the ground of a forcible holding out of possession, and there is no suggestion that the justice was or could be ousted of jurisdiction by the question of title which did or might arise in the proceeding. People v. Palmer, 16 Hun, 136, was a case of holding over after title perfected under execution sale, where the statute provides that a stay shall be granted when an affidavit and bond are given. This provision is incorporated in the present Code, with reference to such cases. Section 2254, subd. 3. And the decision and provision had nothing to do with the point under consideration on these appeals. The justice was clearly right, therefore, in retaining jurisdiction of this proceeding, although he might have to pass upon the title of the deceased lessor in determining the duration of the term which he had granted to the tenant. In the case before us the conventional relation of landlord and tenant was established by the permission given by the petitioner's guardian to the tenant, after the death of his lessor, to remain in the premises until the petitioner became of age, and his implied assent thereto by payment of the rent thereafter to the guardian. Benjamin v. Benjamin, 5 N. Y. 388. Whatever was done by the guardian was done on behalf of the infant, and for her sole benefit. After she came of age she affirmed the agreement by demanding rent, and these facts established the conventional relation of landlord and tenant, and enabled her to maintain summary proceedings. People v. Ingersoll, 20 Hun, 316.

The final order should be affirmed, with costs. All concur.