(19 Misc. Rep. 28.)

### RUSSO v. YUZOLINO.

(Supreme Court, Appellate Term, First Department.    December 28, 1896.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—WHO MAY MAINTAIN.
    Where the owner leases the whole of premises, part of which are under
    lease to another person, the lessee of the whole succeeds to the lessor's rights,
    and may maintain summary proceedings against the lessee of the part for
    nonpayment of rent.
2. SAME—TITLE INVOLVED—JURISDICTION OF JUSTICE.
    The justice does not lose jurisdiction of summary proceedings, even if ti-
    tle be involved, as the provision of the statute for the removal or dismissal
    of "civil actions," where the title to property comes in question, does not
    apply to such proceedings.

Appeal from Second district court.

Summary proceedings by Domenico Russo against Nicolo Yuzo-
lino.    From a final order in favor of the tenant, the landlord ap-
peals.    Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Robert H. Racey, for appellant.
William E. Morris, for respondent.

DALY, P. J.    The plaintiff claims under a lease of the whole of
the premises known as "No 73 Mulberry Street," made July 29, 1896,
by the owner, Giovanni Rossi, for three years and eight months from
September 1, 1896.    A prior lease of the store and basement of the
premises had been made by Rossi to the defendant, Yuzolino, on
April 29, 1896, for the term of four years from May 1st following.
The plaintiff claims that the subsequent lease to him of the whole
premises gave him the right to collect rent of the store and base-
ment from the prior lessee, and to maintain summary proceedings
to recover possession in case of nonpayment.

The subsequent lease of the whole premises by Rossi undoubtedly
operated as an assignment of the rent coming to the latter, and,
inasmuch as the possession of the whole premises is conveyed by
such subsequent lease, the right to maintain summary proceedings
follows.    "Where the owner leases premises to a person subject to
an existing lease, with the power to collect rent, a grant of the re-
version by the owner is effectual, without any attornment by the

tenant to the reversionary lessee." Hendrickson v. Beeson, 21 Neb. 61, 31 N. W. 266. In that case the express power to collect rent was necessary, as the lease was made subject to the existing tenancy. In the present case the subsequent lease of the whole premises contained no mention of the existing tenancy as to a part, and reserved no right of the landlord with respect to such tenancy. The grant of the whole premises at a rent for the whole clearly expresses an intention to pass all the right of the lessor over the whole premises and the existing tenant, and this intention cannot be effectuated without transferring the right to receive rents from the latter. While the mere assignee of the rent cannot maintain subsequent summary proceedings, as he has no right to possession, the lease in this case gives such right. Summary proceedings may be brought by any person, entitled to the possession, who succeeds to the lessor's rights. 12 Am. & Eng. Enc. Law, 758, and cases cited. The relation of landlord and tenant subsisted, therefore, between the plaintiff, as lessee of the whole premises, and the defendant, as prior lessee of a part thereof, and this proceeding could be maintained for nonpayment by the latter of his rent.

No question of title arose in the case, because the title of the landlord of both parties was not disputed. But, even if there were a question of title, the justice would not lose jurisdiction, as the provision of the statute for the removal or dismissal of "civil actions," where the title to real property comes in question, does not apply to summary proceedings. Dorschel v. Burkly, 18 Misc. Rep. 240, 41 N. Y. Supp. 389. The decision of the district court in this case, however, seems to have turned upon a question of fact, namely, whether the owner, Giovanni Rossi, had executed the lease under which the petitioner, Domenico Russo, claims. Rossi was examined on behalf of his tenant, Yuzolino, and swore that he signed only a memorandum, and that he never signed or acknowledged the lease produced upon the trial. He was contradicted by the petitioner, Russo, and by L. B. Belleroso, the notary who drew the lease and certified to the acknowledgment, and also by G. Belleroso, the person whose name was signed as a witness. This witness admitted that a memorandum had been made the day before the alleged lease was executed. The alleged lease was signed with a mark by the lessor, who could not read or write. Upon the conflict of evidence in the case the justice has rendered a judgment for the tenant, thereby finding, as we must assume, that the paper was not executed by Rossi. We cannot say that this finding was erroneous. It was a question of veracity and credibility of witnesses who were before the justice, and he had better opportunities than we of determining where the truth lay. The petitioner was somewhat uncertain in his testimony, and confused names and dates in a remarkable manner. That was a circumstance to be considered. Notwithstanding that there were three witnesses against one, the justice might well find that there was no preponderance of proof on the part of the petitioner.

An action in the supreme court, brought by Rossi, the alleged lessor, against the petitioner, Russo, for the purpose of setting aside

the alleged lease, was pending at the time of the trial of this proceeding. Notwithstanding the pendency of that action, and the opportunity which it afforded the petitioner for a full and fair trial of the issue as to whether the paper he held was executed by Rossi, he did not wait for a determination in the supreme court, but commenced these proceedings and submitted to the district court the decision of the question of fact. It having been determined against him, we do not see that we can aid him.

An exception was taken on the trial to the allowance of a question put to the defendant, Yuzolino, as to what his landlord, Rossi, had said to him about the lease to this plaintiff. The objection to the question was on the ground that the lease speaks for itself. This objection was not good, because the question did not call for the contents of the paper. The answer of the witness was that Rossi had claimed he signed a memorandum and not a lease; but no motion was made to strike out this testimony, and, as it was merely a statement of what Rossi, when placed upon the stand, reiterated under oath, it does not appear that it could have prejudiced the appellant.

The final order is affirmed, with costs. All concur.