ROBERT QUINN, Appellant, *v.* TIMOTHY W. QUINN, Respondent.

*New York City Municipal Court — jurisdiction of, in summary proceedings — title to real property.*

The Municipal Court of the city of New York is not ousted of jurisdiction in summary proceedings to recover the possession of real property by reason of the fact that the title to the property is involved.

The question to be determined in such proceedings is whether the relation of landlord and tenant exists, and whether the landlord or the tenant has the present right of possession. Where that relation is established, the tenant cannot defeat the landlord's remedy by evidence tending to establish title in himself.

APPEAL by the petitioner, Robert Quinn, from a judgment of the Municipal Court of the city of New York in the first district of the borough of Brooklyn in favor of the defendant, dismissing the petition in a summary proceeding brought by said petitioner to recover the possession of real property for the non-payment of rent, which judgment was rendered on the 10th day of October, 1899.

*John T. Mulhall,* for the appellant.

*Henry E. Heistad,* for the respondent.

PER CURIAM:

The petition is in the usual form in summary proceedings to recover the possession of real property for the non-payment of rent. The answer denies that the petitioner is the landlord and owner in fee of the premises described in the petition, or that the respondent entered into any agreement with the petitioner for the tenancy or occupancy of the premises, or that he agreed to pay any rent, or has made any default or holds over without permission of the landlord. The answer further avers that the respondent is in possession of the premises as the legal and equitable owner in fee, and that any conveyance thereof which the petitioner may have is held by him for the benefit of the respondent, who paid the purchase price of the conveyance.

Upon the petition and answer the case came to trial. The petitioner put in evidence a deed dated May 1, 1895, whereby Anastasia Walsh conveyed to him the premises in controversy. The evidence tended to show that, although the petitioner had held the legal title to the premises since the conveyance which has been mentioned, it was really deemed the property of a firm in which the parties to this proceeding were copartners up to January 9, 1899, when an oral agreement was made between them dissolving the partnership relation. According to the petitioner it was agreed at this time that he should take the property, while the respondent was to take the trucking business, in which they were jointly engaged. After this he says the respondent occupied the premises and paid the rent up to June, 1899, since which date he has refused to pay. The respondent gave testimony denying that he entered into any such arrangement. Upon the conclusion of the proof the judge of the Municipal Court, before whom the case was tried, made no determination upon the merits, but dismissed the petition on the ground that a question of title to real property was involved.

It was error to dispose of the proceeding in this manner. The Municipal Court is not ousted of jurisdiction in summary proceedings by reason of the fact that the title to real property is involved. (*Dorschel* v. *Burkly*, 18 Misc. Rep. 240 ; *Wetterer* v. *Soubirous*, 22 id. 739.) Those provisions of the Code of Civil Procedure which require a dismissal in cases of disputed title relate only to actions as distinguished from special proceedings. (*People* v. *Goldfogle*, 23

Civ. Proc. Rep. 417.) The fact that section 2244 of the Code of Civil Procedure, as amended in 1893, permits the answer in summary proceedings to set forth a statement of any new matter constituting a legal or equitable defense, makes no difference in this respect. The question to be determined in these proceedings must always be whether the relation of landlord and tenant exists, and whether the landlord or tenant has the present right of possession. Where the relation is established, the tenant cannot defeat it by attempting to show title in himself. Instead of dismissing the petition in the present case, the Municipal Court should have determined this question.

The judgment of dismissal must, therefore, be reversed, and a new trial ordered, with costs to abide the event.

All concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.