(33 Misc. Rep. 117.)

### SAGE et al. v. CROSBY.

(Supreme Court, Appellate Term. November 27, 1900.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—JURISDICTION.
    The provision of the Code for dismissal of actions before a justice, involving the title to land, relates to actions, and not to proceedings, and hence a defense of title does not oust a municipal court justice of jurisdiction in summary proceedings.
2. SAME—SUMMARY PROCEEDINGS—COUNTERCLAIMS.
    Code Civ. Proc. § 2244, providing for counterclaims by tenants in summary proceedings, is applicable to the municipal court, though Consol. Act, § 1359, does not give such right.

Appeal from municipal court, borough of Manhattan, Ninth district.

Summary proceedings by Dean Sage and another against William Crosby. From an order of dismissal, plaintiffs appeal. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR- MAN, JJ.

Parsons, Shepard & Ogden (H. B. Closson and Eugene Smith, of counsel), for appellants.

Frank C. Demarest, for respondent.

PER CURIAM. The Code provisions as to a dismissal where title to real property is involved relate exclusively to actions, not to proceedings, and such a defense does not oust a municipal court justice of jurisdiction in summary proceedings. Quinn v. Quinn, 46 App. Div. 241, 61 N. Y. Supp. 684. The final order made below must therefore be reversed. Counsel for the appellants is mistaken in his contention that a counterclaim cannot be interposed by a tenant in a summary proceeding. While section 1359 of the consolidation act does not give such a right, yet section 2244 of the Code, which provides for the interposition of counterclaims in such proceedings, is still applicable to the municipal court.

Final order reversed, and new trial ordered, with costs to the appellants to abide the event.

---

PENACHIO v SAATI SOC.

(Supreme Court, Appellate Term. November 27, 1900.)

BENEFICIAL ASSOCIATIONS—SICK BENEFITS—CONSENT TO BY-LAWS.
    Where an amendment to the by-laws of a society confines sick benefits to members residing in a certain city, and a member subsequently signs the amended by-laws, and declares his submission thereto, he cannot recover benefits for an illness which occurs while he is living in another city.

Appeal from municipal court, borough of Manhattan, Second district.

