## FLEGENHEIMER v. DREYER et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

UNLAWFUL DETAINER—ANSWER—COUNTERCLAIM—INSUFFICIENT ALLEGATIONS.
    In a summary proceeding by a lessor to recover possession of the leased property, the tenant, after a general denial, alleged as a counterclaim that, after making the lease, it was agreed that he surrender the premises, and that the lessor would accept such surrender, and pay to the lessee $500 for the surrender of the leasehold; and that by reason of the lessor's failure to carry out such agreement the lessee suffered damage in the sum of $500, but did not allege performance by lessee, or willingness to perform. *Held* that, though a counterclaim is allowed in such proceedings by Code Civ. Proc. § 2244, such allegations were insufficient.

Appeal from municipal court, borough of Brooklyn, Second district.

Summary proceeding to recover possession of real property by David Flegenheimer against Gustav Dreyer and others. From a judgment for plaintiff, defendant Dreyer appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

M. H. Winkler, for appellant.
Emil Schneeloch, for respondent.

WILLARD BARTLETT, J. The defendant interposed an answer to the petition in this proceeding, setting up a general denial and a counterclaim under the title of a second defense. The counterclaim alleged that after the making of the lease "it was agreed by and between the plaintiff and this defendant that the defendant surrender to the plaintiff herein the said premises, and that the plaintiff would accept such surrender, and pay to the defendant Gustav Dreyer the sum of five hundred ($500.00) dollars for the surrender of the said leasehold." It further alleged that by reason of the failure of the plaintiff to carry out said agreement the defendant had suffered damage in the sum of $500. At the beginning of the trial counsel for the plaintiff moved to dismiss the counterclaim, and in deciding the motion the municipal court judge said: "I will strike it out; I strike out the second defense." As I understand it, this ruling was equivalent to a decision that the counterclaim was insufficient in law; and in this view the court was right. It would have been error to hold that a counterclaim cannot be interposed in a summary proceeding

to recover the possession of real property; for section 2244 of the
Code of Civil Procedure expressly provides that the answer in such
a proceeding may set forth "a statement of any new matter consti-
tuting a legal or equitable defense or counterclaim." See Sage v.
Crosby, 33 Misc. Rep. 117, 67 N. Y. Supp. 139. But the objection
to this counterclaim is that it does not set forth facts sufficient to con-
stitute a cause of action on the part of the defendant against the
plaintiff, for the reason that there is no averment to the effect that
the lessee ever performed, or was willing to perform, the alleged con-
tract on his part. He does not aver that he surrendered the prem-
ises, or offered to surrender them, to the landlord. Such an aver-
ment is essential to constitute it a good counterclaim. There is no
other question in the case which requires discussion, and the final
order should therefore be affirmed.

Judgment of the municipal court affirmed, with costs. All concur.