ANDREW K. VAN DEVENTER, Respondent, *v.* SMITH FOSTER, Appellant.

*Summary removal from land of a squatter — the Municipal Court of New York city is not ousted of jurisdiction by a question of title raised collaterally — the provisions of the Code of Civil Procedure as to the removal of an action where the title to real property is involved are not applicable — amendment of technical errors in pleading.*

The fact that the question of title is raised collaterally, in a proceeding instituted in the Municipal Court of the city of New York under subdivision 4 of section 2232 of the Code of Civil Procedure for the summary removal of an alleged squatter from land claimed to be owned by the petitioner, does not serve to oust the Municipal Court of jurisdiction.

The real issue involved in the proceeding is as to the right to the possession of the premises, and the provisions of the Code of Civil Procedure requiring the removal of an action brought in a Justice's or Municipal Court, where the determination of title to real estate is involved, have no application to such a proceeding.

Where the denials contained in the answer interposed in such a proceeding are objectionable in form because of the violation of a technical rule of pleading, but are not misleading, the party interposing such an answer should be permitted to amend the same.

APPEAL by the defendant, Smith Foster, from a final order of the Municipal Court of the city of New York, borough of Queens, entered on the 23d day of March, 1903, in summary proceedings, directing the defendant's removal from the premises described in the petition.

*Henry M. Gescheidt,* for the appellant.

*Frederic R. Kellogg [Everett J. Esselstyn* with him on the brief], for the respondent.

Hirschberg, J.:

This proceeding is instituted under subdivision 4 of section 2232 of the Code of Civil Procedure, for the summary removal of the appellant as a squatter or intruder upon real property claimed to be owned by the respondent. The property consists of the westerly portion of Rockaway Beach in the county of Queens, bounded south and west by the Atlantic ocean and north by Rockaway inlet and Jamaica bay, and the respondent claimed to have been the owner of it by deed for a period of two years preceding the filing of the petition.

The appellant filed a verified answer to the petition and a jury was impaneled to try the issues raised thereby, but on the respondent's motion the jury was then directed by the court to render a verdict in favor of the respondent upon the pleadings, and upon the verdict so rendered the final order was entered providing for the summary removal of the appellant.

This disposition of the case was erroneous. The appellant's answer denies knowledge or information sufficient to form a belief as to the respondent's alleged ownership and right to the possession of the property, and alleges rightful possession in himself as the lessee of other individuals named in the answer and therein alleged to be the true and lawful owners of the property. He alleges that he has been in the actual possession of the property as a caretaker and keeper for the owners for a period of upwards of thirty years and as a lessee from year to year for a period of fifteen years. The denials in the answer are in the form in gross which has been so often judicially condemned, but the appellant asked leave to amend but was refused. In view of the fact that great precision and accuracy in pleading is not commonly exacted in the Municipal Court, no good reason appears why the amendment should not have been permitted so that the appellant's intended denial might be recorded in scientific form. The learned counsel for the respondent urged upon the argument of the appeal that the application to amend was properly denied because the defense was inherently pre-

posterous. The idea suggested is not obvious, and the reason involved in it, if it be the reason which influenced the court below, is not satisfactory. If the respondent is not the owner of the property and the appellant is in possession by permission, or under tenure, of the true owners, the fact should be established upon correction of the error involved in a very common violation of a technical rule of pleading which, however objectionable in form, is not calculated to really mislead in fact.

That a question of title may be raised collaterally does not serve to oust the Municipal Court of jurisdiction. The real issue is only as to the right of possession, and the provisions of the Code of Civil Procedure requiring the removal of an action where the determination of title to real estate is involved have no application to summary proceedings. (*Matter of White,* 12 Abb. N. C. 348 ; *Dorschel* v. *Burkly,* 18 Misc. Rep. 240 ; *Russo* v. *Yuzolino,* 19 id. 28 ; *Wetterer* v. *Soubirous,* 22 id. 739 ; *Sage* v. *Crosby,* 33 id. 117 ; *Quinn* v. *Quinn,* 46 App. Div. 241.)

The final order should be reversed and the proceedings remitted for disposition and trial in accordance with the views herein expressed, costs to abide the event.

BARTLETT, WOODWARD, JENKS and HOOKER, JJ., concurred.

Final order of the Municipal Court reversed and proceedings remitted for trial and disposition in accordance with the opinion of HIRSCHBERG, J., costs to abide the event.