## VAN DEVENTER v. FOSTER.

(Supreme Court, Appellate Division, Second Department. October 9, 1903.)

1. SUMMARY PROCEEDING—POSSESSION OF REAL ESTATE—AMENDING ANSWER.
   Defendant in a summary proceeding, under Code Civ. Proc. § 2232, subd. 4, to remove defendant from real estate as a squatter or intruder, should be allowed to amend his answer violating a technical rule of pleading, but not calculated to mislead, so that his intended denial may be made in scientific form; great precision in pleading not being exacted in the Municipal Court.

2. SAME—JURISDICTION—TITLE TO REAL ESTATE.
   That a question of title to real estate may be raised collaterally in a summary proceeding for possession does not oust the jurisdiction of the Municipal Court.

Appeal from Municipal Court of City of New York.

Summary proceedings by Andrew K. Van Deventer against Smith Foster. From a final order directing defendant's removal from the property, he appeals. Reversed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, JENKS, and HOOKER, JJ.

H. M. Gescheidt, for appellant.

Frederic R. Kellogg (Everett J. Esselstyn, on the brief), for respondent.

HIRSCHBERG, J. This proceeding is instituted under subdivision 4 of section 2232 of the Code of Civil Procedure, for the summary removal of the appellant as a squatter or intruder upon real property claimed to be owned by the respondent. The property consists of the westerly portion of Rockaway Beach, in the County of Queens, bounded south and west by the Atlantic Ocean and north by Rockaway Inlet and Jamaica Bay, and the respondent claimed to have been the owner of it by deed for a period of two years preceding the filing of the petition. The appellant filed a verified answer to the petition, and a jury was impaneled to try the issues raised thereby, but on the respondent's motion the jury was then directed by the court to render a verdict in favor of the respondent upon the pleadings, and upon the

verdict so rendered the final order was entered, providing for the summary removal of the appellant.

This disposition of the case was erroneous. The appellant's answer denies knowledge or information sufficient to form a belief as to the respondent's alleged ownership and right to the possession of the property, and alleges rightful possession in himself as the lessee of other individuals named in the answer, and therein alleged to be the true and lawful owners of the property. He alleges that he has been in the actual possession of the property as a caretaker and keeper for the owners for a period of upwards of 30 years, and as a lessee from year to year for a period of 15 years. The denials in the answer are in the form in gross which has been so often judicially condemned, but the appellant asked leave to amend, but was refused. In view of the fact that great precision and accuracy in pleading is not commonly exacted in the Municipal Court, no good reason appears why the amendment should not have been permitted, so that the appellant's intended denial might be recorded in scientific form. The learned counsel for the respondent urged upon the argument of the appeal that the application to amend was properly denied, because the defense was inherently preposterous. The idea suggested is not obvious, and the reason involved in it, if it be the reason which influenced the court below, is not satisfactory. If the respondent is not the owner of the property, and the appellant is in possession by permission or under tenure of the true owners, the fact should be established upon correction of the error involved in a very common violation of a technical rule of pleading, which, however objectionable in form, is not calculated to really mislead in fact. That a question of title may be raised collaterally does not serve to oust the Municipal Court of jurisdiction. The real issue is only as to the right of possession, and the provisions of the Code of Civil Procedure requiring the removal of an action where the determination of title to real estate is involved have no application to summary proceedings. Matter of White, 12 Abb. N. C. 348; Dorschel v. Burkly, 18 Misc. Rep. 240, 41 N. Y. Supp. 389; Russo v. Yuzolino, 19 Misc. Rep. 28, 42 N. Y. Supp. 482; Wetterer v. Soubirous, 22 Misc. Rep. 739, 49 N. Y. Supp. 1043; Sage v. Crosby, 33 Misc. Rep. 117, 67 N. Y. Supp. 139; Quinn v. Quinn, 46 App. Div. 241, 61 N. Y. Supp. 684.

The final order should be reversed, and the proceedings remitted for disposition and trial in accordance with the views herein expressed; costs to abide the event. All concur.