(115 App. Div. 400)

### HOLLISTER v. WOHLFEIL.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

1. QUIETING TITLE—ESTATE OF DEFENDANT.

    One having rights only as assignee of or subtenant under a lease expiring in five years is not one against whom action may be brought under Code Civ. Proc. § 1638 et seq., authorizing an action to determine an adverse claim to real estate to be brought against one making a claim to an estate therein in fee, or for life, or for a term of years not less than 10.

    [Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Quieting Title, § 51.]

2. INJUNCTION—PENDENTE LITE.

    Plaintiff not setting forth a cause of action entitling her to judgment is not entitled to an injunction pendente lite.

    [Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, §§ 303–306.]

3. COURTS—JURISDICTION—TITLE TO REAL ESTATE.

    The municipal court is not ousted of jurisdiction of summary proceedings to recover possession of subtenants by their answer, raising the question whether plaintiff's lease has been forfeited and terminated.

Appeal from Special Term, New York County.

Action by Georgia T. Hollister against Samuel D. Wohlfeil. From an order continuing an injunction restraining the prosecution by defendant in the Municipal Court of summary proceeding to recover possession of real estate, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edward Hymes, for appellant.
James W. Prendergast, for respondent.

SCOTT, J. In 1886 the plaintiff acquired two lots of land upon which buildings were erected, situated on avenue A of this city. When she acquired the property it was subject to a lease which expired in 1890. Upon the expiration of that lease she made a new lease of the premises to one Althea Mackey, for a term of 21 years from May 1, 1890. This lease contained a covenant against assignment thereof

without consent of the lessor, and provision that in case of the breach of such covenant the lessor might re-enter. The complaint alleges that in March, 1906, Althea Mackey, the lessee, without plaintiff's consent assigned the lease and the unexpired term thereof to the defendant, thereby violating the covenant above referred to, and that plaintiff thereafter made an entry in and upon the demised premises, and that such re-entry for conditions broken operated to bring about an immediate termination of the lease and the term of years granted thereby. The defendant denies that there was any attempt to assign the lease to him, but alleges that all that he received was a sublease for a term expiring one month earlier than the expiration of the lease to Mackey. There is included in the motion papers certain evidence given in another proceeding by persons who had seen and examined the instrument executed by Mackey, who describe it as an assignment of the lease; and, as the defendant had it within his power to definitely settle the question by producing the instrument or a copy thereof upon the hearing of the motion, and did not see fit to do so, we shall assume for the purposes of this appeal that the instrument was an assignment, and not merely a sublease. There were a number of subtenants upon the property when Mackey assigned the lease to defendant, of whom a considerable majority have undertaken to attorn to plaintiff, and have paid rent to her. Against two of these subtenants the defendant instituted summary proceedings in the Municipal Court. Of these proceedings the plaintiff appears to have assumed the active defense on the part of the tenants. In each case a final order was made in favor of defendant as landlord, and, the execution of the order having been stayed, appeals were taken and are now pending before the Appellate Term. The defendant has instituted some 18 other proceedings against as many subtenants, and the order appealed from restrains, pendente lite, the prosecution of these proceedings, and likewise restrains the defendant generally from attempting to collect rents, or from interfering in any way with plaintiff's peaceable possession of the premises.

The action is avowedly brought under chapter 14, tit. 1, art. 5, § 1638, Code Civ. Proc. et seq., which authorizes, in certain cases, an action by a party in possession to determine an adverse claim to real property. Such an action may be brought against a defendant who makes or might make a claim to an "estate in the property in fee, or for life, or for a term of years not less than 10, in possession, reversion or remainder, or to any interest in that property including any claim in the nature of an easement therein, whether appurtenant to any other estate or lands, or not, and also including any lien or incumbrance upon said property of the amount or value of not less than $250." The utmost claim that defendant can assert, assuming that he is assignee of the lease, is the unexpired term of Althea Mackey which runs only until May 1, 1911. He cannot therefore be said to claim an estate for a term of years, not less than 10. His claim, therefore, whether a subtenant, or as assignee, is not one of those concerning which an action for determination may be brought under the sections of the Code above cited. It appears therefore that this

action cannot be successfully maintained.  If the plaintiff does not set forth a cause of action, entitling her to a judgment, she is not entitled to an injunction pendente lite.  In order to justify such an injunction, it must appear presumptively that the plaintiff is entitled to a judgment, and that does not so appear in the present case.  If the tenants against whom the defendant is proceeding have just and valid defenses, no reason is disclosed why they may not successfully assert them in the summary proceedings.  If they have no such defenses the prosecution of the proceedings should not be enjoined. The plaintiff is in error in assuming that, because the answers of the tenants may seek to raise the question as to whether the lease has been forfeited and terminated, the Municipal Court will thereby be ousted of jurisdiction.  Quinn v. Quinn, 46 App. Div. 241, 61 N. Y. Supp. 684.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the temporary injunction vacated, and the motion to continue it pendente lite denied, with $10 costs.  All concur.

---

(115 App. Div. 275)

### HIRTENSTEIN v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.    November 5, 1906.)

STREET RAILROADS—INJURIES—ACTION—INSTRUCTIONS.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 268; vol. 37, Cent. Dig. Negligence, §§ 121–129, 393.]

Appeal from Trial Term, New York County.