Matter of the Application of ALICE R. PIREW for the Removal of THOMAS MULLEN, WILLIAM MOORE and MICHAEL DONOVAN from Certain Premises in the City of Buffalo.

(Supreme Court, Erie Special Term, November, 1918.)

City of Buffalo — jurisdiction of City Court of, under section 21(13) of the charter to entertain summary proceedings — Code Civ. Pro. § 2232(4).

Under section 21(13) of the charter of the city of Buffalo the City Court has jurisdiction to entertain a summary proceeding under section 2232(4) of the Code of Civil Procedure to recover possession of, and to remove squatters from premises situated in said city.

APPEAL from an order of the City Court of Buffalo granting the petition to remove and directing a warrant to issue to put the petitioner in possession.

Supreme Court, November, 1918.     [Vol. 105.

Daniel J. Hanley, for appellants.

Simon Fleischmann and Thomas D. Powell, for respondent.

WHEELER, J. This proceeding was begun by petition to the City Court of Buffalo under the provisions of section 2232, subdivision 4, of the Code of Civil Procedure to remove the parties named from the premises described as squatters thereon. The petitioner prevailed in the court below, and an appeal is now taken to this court. We will not undertake to discuss the case in so far as the City Court disposed of the proceedings on its merits. If the City Court had authority to entertain jurisdiction then its judgment in our opinion was correct and fully sustained by the evidence. It only remains for us to consider the question of law raised and argued as to the right of the City Court to entertain jurisdiction of the case at all.

The defendant William Moore by his amended answer alleged continuous possession by himself and predecessors of the premises in question for more than twenty years, and alleged that he holds said parcel of land under claim of title in fee exclusive of all other rights and adverse to the alleged title of the petitioner. In the opening of the trial the defendant moved the City Court for the dismissal of these proceedings on the ground that under the provisions of section 17 of the charter of the city of Buffalo relating to the organization of the City Court, said court had no jurisdiction to entertain the proceeding inasmuch as the case involved the title to real property. These contentions by appellants' counsel were overruled, but on this appeal are renewed and urged.

Section 17 of the charter above referred to provides: " The said City Court of Buffalo shall not have juris-

diction of any civil action in either of the following cases: 1. In any case involving the title to real property."

Section 20 of the same act, however, provides that this court shall have jurisdiction except as provided·in section 21 in the following actions and proceedings:

"13. In summary proceedings under Title 2 of Chapter 17 of the Code of Civil Procedure to recover possession of land situate in the City of Buffalo, and to remove tenants and *others* therefrom."

This proceeding is under section 2232, forming a part of title 2, chapter 17, of the Code of Civil Procedure. It would thus seem that section 21 of the charter expressly conferred on the City Court jurisdiction to try and dispose of cases of this kind. The sole question presented would be whether the person sought to be removed was a squatter. And if that was made to appear the City Court was right in ordering his removal. This is a special proceeding and not an action. It will be noted that section 17 of the charter prohibits the court taking jurisdiction in " *civil actions.*" Section 21, subdivision 13, gives the City Court jurisdiction " in a *summary proceeding* * * * to remove tenants and others." This distinction between actions and special proceedings has been recognized by the courts in the disposition of similar cases. In the case of *Quinn* v. *Quinn,* 46 App. Div. 241, it was held the City Court of New York was not ousted of jurisdiction in summary proceedings to recover possession of real property by reason that a title is involved, holding the provisions of the Code of Civil Procedure which require a· dismissal in cases of disputed title relate only to actions as distinguished from special proceedings. This case was followed by that of *Drake* v. *Cunningham,* 127 App. Div. 80, where the case of *Quinn* v. *Quinn* was cited. Writers recognize the dis-

tinction. See 3 McAdam Landl. & Ten. 294. See also *Page* v. *Crosby*, 67 N. Y. Supp. 139; *Dorschel* v. *Burkly*, 18 Misc. Rep. 240. In this connection it will not be out of place to call attention to section 2264 of the Code providing that ''A final order, made in a special proceeding, taken as prescribed in this title, is not a bar to an action of ejectment to recover the property affected thereby.''

It would seem to have been the intention of the legislature to preserve the substantial rights of the parties, and to give them an opportunity to litigate their claims by an ejectment action in the highest courts, if they so desire, but at the same time by a summary special proceeding in the lower court to determine who is apparently entitled to possession of real property and put them into such possession through a proceeding quickly heard and disposed of, without imperiling and delaying meritorious right of possession by technical pleas of title.

We think the order appealed from should be affirmed, with costs of appeal.

Order affirmed, with costs.