CORNING CHAMBER OF COMMERCE, INC., Landlord, Respondent, *v.* MICHAEL J. BOHOY, Tenant, Appellant.

County Court, Steuben County, April 4, 1955.

*Judson R. Hoover* and *Osco W. Peterson* for appellant.

*George W. Pratt* for respondent.

*Ransom Pratt, City Attorney,* for City of Corning.

TABOR, J. This is an appeal by Michael J. Bohoy, the tenant-appellant in possession of premises in the city of Corning, claimed to be owned by the landlord-respondent Corning Chamber of Commerce, Inc., from an order of eviction made by Hon. CHARLES H. GITHLER, Judge of the City Court of the City of Corning, on February 11, 1955, after a trial of the issues.

Before passing on the appeal proper, I deem it desirable to point out that the respondent has moved to have this appeal dismissed on the ground that appellant did not perfect his appeal, in that he failed to pay the costs on appeal to City Court and the costs for filing the return on appeal with the Steuben County Clerk. Despite this apparent omission, I prefer to consider this appeal on the merits.

The appellant in his notice of appeal states that he appeals " from each and every part of said order " and since this order is based on a decision by Judge GITHLER, rendered after a trial of the issues, a brief summary of the facts and of the issues necessarily passed upon by the City Court Judge will clarify the only questions to be passed upon in this appeal.

Mr. Bohoy for some years prior to November 29, 1954, had occupied the premises in question under an oral leasing arrangement with one Lawrence, the owner with another of the premises, and to whom he paid his rent on the first day of each month. By deeds dated November 29, 1954, title to the premises was conveyed to the Corning Chamber of Commerce, Inc., although Lawrence collected the rent for the month of December on December 1, 1954. Prior to the execution and delivery of the deed, Lawrence gave written notice to Bohoy to vacate January 1, 1955.

The appellant in his brief has challenged the jurisdiction of the court below, claiming there was no proof of proper service of the notice to vacate and that respondent may not avail itself of the notice which was served on behalf of the prior owner, Mr. Lawrence, and there was no evidence that Mr. Bohoy as tenant ever attorned to the Corning Chamber of Commerce, Inc., as landlord.

Subdivision 6 of section 1414 of the Civil Practice Act provides that the assignee of a landlord may bring summary proceedings, and it has been held that the assignee may base his petition on a notice given by his assignor, the grantee of a fee being the assignee of the landlord-grantor with the meaning of " assignee " as set forth in subdivision 6 of section 1414. (*Earle* v. *McGoldrick,* 15 Misc. 135.) The respondent upon the delivery of the deeds succeeded to the title in fee to the premises occupied by the tenant, and also to all proceedings taken by Lawrence before title passed and thus the notice to vacate given by Lawrence inured to the benefit of the Corning Chamber of Commerce, Inc. (Real Property Law, § 223.)

The answer of the tenant raises two issues: First, he alleges that the Corning Chamber of Commerce, Inc., does not own the premises in question and is not by its charter authorized to own property; and second, that the Corning Chamber of Commerce, Inc., not being the owner of the premises and not being authorized by its charter to own property is not properly the landlord of Mr. Bohoy.

The claim of the tenant that the petitioner is not the owner of the premises is without merit. The testimony taken at the trial in City Court conclusively shows the execution and delivery of deeds by the prior owners to respondent and the payment of the agreed consideration. The further claim of the tenant that respondent may not own real property is not well taken. The Corning Chamber of Commerce, Inc., is a membership corporation, duly incorporated in 1914 for a term of fifty years. Among the purposes and objects of the corporation the following appears: "To foster the trade and commerce and to improve the general business and financial conditions of the City of Corning and vicinity; to generate a common loyalty and civic pride, better the conditions and surroundings and promote the common welfare of the citizens thereof". It is apparent from the above and from reading the entire charter that there is no specific power granted to own real property, but section 21 of the Membership Corporations Law certainly provides for the purchase of real property by a membership corporation, and section 14 of the General Corporation Law provides that: "Every corporation as such has power, though not specified in the law under which it is incorporated: * * * 3. To acquire property for the corporate purposes by grant, gift, purchase, devise or bequest, and to hold and to dispose of the same, subject to such limitations as may be prescribed by law."

Assuming that the act of the Corning Chamber of Commerce, Inc., in purchasing and taking title to the real property in question has exceeded its corporate powers, the appellant is not in a position to question its act nor the purpose of its purchase. The State of New York or a member of the corporation could challenge the *ultra vires* act, but Mr. Bohoy may not attack it in a collateral proceeding, for this would only permit Mr. Bohoy to enrich himself because the Corning Chamber of Commerce, Inc., may have exceeded its corporate powers. (*Mutual Life Ins. Co. of N. Y.* v. *Stephens,* 214 N. Y. 488; *Bath Gas Light Co.* v. *Claffy,* 151 N. Y. 24.)

The denial of a landlord's title in a summary proceeding will not oust a court of jurisdiction since a summary proceeding is not an action but a special proceeding. The real issue in a summary proceeding is the present right to possession; the question of title is only collateral. (*Quinn* v. *Quinn,* 46 App. Div. 241; *Van Deventer* v. *Foster,* 87 App. Div. 62.)

Since the issues raised by the tenant in the first-numbered paragraph of his answer are without merit, the landlord-respondent being the owner of the real property occupied by the tenant, and appellant not being in a position legally to challenge the alleged *ultra vires* act of his landlord, the issues raised in the second paragraph of his answer are academic.

The order appealed from is affirmed, with costs.