OPINION OF THE COURT
Memorandum.
Final judgment reversed without costs and final judgment directed to be entered awarding possession to petitioners.
By judgment entered February 21, 2006, the Supreme Court, Rockland County, directed respondent Venera Held to specifically perform a contract to sell the subject property to petitioners and to tender a deed within 30 days after being served with the judgment with notice of entry, upon which tender petitioners were to pay Held the purchase price less a down payment. The judgment provided that upon Held’s failure to comply, the Rockland County Sheriff was directed, pursuant to CPLR 5107, to execute and deliver a deed to petitioners. After Held’s unsuccessful appeal to the Appellate Division and the expiration of the 30 days, as tolled pursuant to a stay pending that appeal, the Sheriff, on April 25, 2007, executed and delivered a deed to petitioners.
In August 2007 petitioners commenced this summary proceeding pursuant to, inter alia, RPAPL 713 (1) to recover possession of the property, naming as respondents Venera Held, who does not reside in the property, her daughter Marie Held, and the other tenants residing therein. At trial, Venera Held defended on the ground, among others, that by a November 30, 2007 determination, and by a supplemental judgment entered pursuant thereto on December 20, 2007, the Supreme Court had required petitioners to post $205,661.44 within 10 days of the date of the November 30, 2007 determination, and that petitioners had failed to post the money until December 31, 2007. After trial, the Justice Court concluded that it could not rule on the issue of whether petitioners’ title was dependent on petitioners’ timely compliance with the November 30, 2007 determination and dismissed the petition.
We reverse.
Petitioners’ showing of the sheriffs deed established petitioners’ standing to maintain this proceeding against respondent *8 Venera Held under RPAPL 713 (1) (see RPAPL 721 [3]), and Held’s challenge to petitioners’ title did not oust the Justice Court of jurisdiction (Nissequogue Boat Club v State of New York, 14 AD3d 542 [2005]; Van Deventer v Foster, 87 App Div 62 [1903]; Durand v Simmons, 16 Misc 3d 133[A], 2007 NY Slip Op 51497[U] [App Term, 9th & 10th Jud Dists 2007]; Mohar Realty Co. v Smith, 46 Misc 2d 849 [App Term, 2d & 11th Jud Dists 1965]). The Supreme Court’s November 30, 2007 determination, and the supplemental judgment entered pursuant thereto, both of which were issued subsequent to a hearing to determine the use and occupancy owed and the consequent reduction in the amount that petitioners would be required to pay toward the purchase price, determined that $205,661.44 was due Held as of the date of the determination; that this sum was to be posted within 10 days; and that after possession had been delivered free of all tenancies, the court would issue a final order directing how the Commissioner of Finance was to pay out the monies, with the sum of $3,000 being deducted from the amount due Held for each month that she remained in possession. Nothing in the November 30, 2007 determination or supplemental judgment rendered the effectiveness of the previously issued sheriff’s deed dependent on petitioners’ timely posting of the purchase price. Indeed, the November 30, 2007 determination expressly rejected Held’s contention that “she had the right to ‘cancel’ the contract ... by virtue of [petitioners’] failure to pay the purchase price as set forth in the [original] judgment.” Thus, petitioners’ failure, if any, to timely comply with the Supreme Court’s deposit requirement did not implicate the title petitioners had received by virtue of the sheriffs deed.
Accordingly, the final judgment is reversed and a final judgment is directed to be entered awarding possession to petitioners. We note that the issue of use and occupancy was determined in the Supreme Court, and that petitioners made no request herein for such relief.
Rudolph, EJ., Scheinkman and LaCava, JJ., concur.